**In re Lupi Paulo EDWARDS, Debtor.**

**Lupi Paulo Edwards, Appellant,**

v.

**WELLS FARGO BANK, N.A.,
Trustee, Appellee.**

**BAP No. CC–10–1362–MkPaD.
Bankruptcy No. LA–10–42638–PC.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument on March 17, 2011.*

Decided July 12, 2011.

* This matter originally was calendared for oral argument on March 17, 2011. This panel subsequently granted the appellant's motion to submit on the briefs, by order entered on March 3, 2011.

Appellant Lupi Paulo Edwards, pro se, on brief; Donna L. LaPorte, Esq., Wright, Finlay & Zak, LLP on brief for Appellee Wells Fargo Bank, N.A., Trustee.

Before: MARKELL, PAPPAS, and DUNN, Bankruptcy Judges.

## OPINION

MARKELL, Bankruptcy Judge.

### INTRODUCTION

Debtor Lupi Edwards ("Edwards") appeals the bankruptcy court's order granting relief from the automatic stay to appellee Wells Fargo Bank, as trustee for certain mortgage-backed securities ("Wells Fargo"). We AFFIRM.

### FACTS

On August 5, 2010, Edwards filed a voluntary chapter 7[1] bankruptcy petition. Within days, Wells Fargo filed a motion for relief from the automatic stay with respect to Edwards' residence, located in Long Beach, California (the "Property").

In support of its motion, Wells Fargo attached a copy of a post-foreclosure Trustee's Deed Upon Sale dated May 17, 2010 ("Trustee's Deed"). The Trustee's Deed conveys title to the Property to Wells Fargo based on the completion of a non-judicial foreclosure sale at which Wells Fargo was the successful bidder ("Foreclosure Sale"). The Trustee's Deed identifies Power Default Services, Inc. as trustee and grantor, and Wells Fargo as grantee. Wells Fargo recorded the Trustee's Deed in Los Angeles County on May 20, 2010, almost three months before Edwards filed her bankruptcy case.

Wells Fargo also attached copies of the following documents to its motion for relief from stay: (1) a Notice to Vacate Property, addressed to Edwards' and dated May 28, 2010; (2) a complaint for unlawful detainer filed in the Los Angeles County Superior Court ("State Court"), dated June 3, 2010 ("Unlawful Detainer Action"); (3) an order of the State Court in the Unlawful Detainer Action, dated July 14, 2010, granting summary judgment in Wells Fargo's favor in the Unlawful Detainer Action ("Unlawful Detainer Judgment"); and (4) a Writ of Possession in favor of Wells Fargo, issued on July 26, 2010.

On August 26, 2010, Edwards filed her response to Wells Fargo's motion for relief from stay. In her response, Edwards asserted that the Property was still hers, was unencumbered and was worth $180,000. Moreover, Edwards asserted that the Property was necessary for her reorganization.[2]

In support of her response, Edwards argued:

---

1. Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2. This allegation was odd. Edwards filed her case under chapter 7, which contemplates liquidation rather than reorganization.

Movant [Wells Fargo] unlawfully foreclosed this property, & executed an UNLAWFUL EVICTION against the debtor. [¶] Movant has NO STANDING to bring this motion, [¶] An *ADVERSARY PROCEEDING is pending in this case against [Wells Fargo]* to recover property and money, and the motion should be DENIED so that the debtor's rights are not prejudiced by defendant's wrongful actions against the debtor and the bankruptcy estate.

(Emphasis added.)

Other than a proof of insurance form, the only document that Edwards attached in support of her response was a copy of her notice of appeal of the Unlawful Detainer Judgment.[3]

Despite Edwards' reference to a pending adversary proceeding, there was none, at least when she filed her response. Edwards did not file her adversary proceeding until September 9, 2010—the same day as the hearing on the motion for relief from stay.[4]

On September 9, 2010, the bankruptcy court heard Wells Fargo's motion for relief from stay. Wells Fargo appeared through counsel, and Edwards appeared pro se. Edwards briefly argued that the foreclosure sale was invalid, arguing primarily that Gold Country Escrow was the original

trustee on her deed of trust, and that she had never received notice of a change. She contended that this lack of notice rendered any change of trustee improper. In her view, only Gold Country Escrow had the capacity to foreclose and pass title under the deed of trust to Wells Fargo.

After confirming the facts of the Unlawful Detainer Judgment and the Writ of Possession with both Wells Fargo and Edwards, the bankruptcy court determined that cause existed to grant relief from stay pursuant to § 362(d)(1) and granted Wells Fargo its requested relief. The court also stated that its tentative ruling, issued the day before the hearing, would become the court's final order.

On September 13, 2010, Wells Fargo submitted an Order Granting Motion for Relief From Stay, which the court entered incorporating its rulings from the hearing and from the tentative ruling (the "Relief from Stay Order").

Edwards timely filed her appeal.[5]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G), and we have jurisdiction under 28 U.S.C. § 158.

3. While the record does not reveal the status of Edwards' appeal in the Unlawful Detainer Action, we presume it remains pending.

4. The allegations in Edwards' complaint appear to simply rehash Edwards' assertions made in her response to Wells Fargo's motion for relief from stay. The bankruptcy court's disposition of Edwards' adversary proceeding is the subject of a separate appeal before this panel (CC–11–1010–PaMkAl). The resolution of that appeal does not affect the appeal before us.

5. After filing her notice of appeal, Edwards filed a motion for rehearing under Rule 9023.

Pursuant to Rule 8002(b), Edwards' appeal of the Relief from Stay Order became effective when the bankruptcy court entered its order denying Edwards' motion for rehearing, on October 22, 2010. We will not review as part of this appeal the order denying the motion for rehearing because Edwards did not, as required by Rule 8002(b), amend her notice of appeal to include this order. We also will not review the order denying rehearing because Edwards' brief on appeal did not raise any issues specifically relating to the motion for rehearing, and thus she has waived them. *See Golden v. Chicago Title Ins. Co. (In re Choo)*, 273 B.R. 608, 613 (9th Cir. BAP 2002).

**104**

## ISSUE

Did the bankruptcy court abuse its discretion in granting Wells Fargo's motion for relief from the automatic stay?

## STANDARDS OF REVIEW

 We review an order granting relief from stay for abuse of discretion. *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914 (9th Cir. BAP 2011); *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 919 (9th Cir. BAP 2009). As noted in *Veal*, this standard has two parts:

> The abuse of discretion test involves two distinct determinations: first, whether the court applied the correct legal standard; and second, whether the factual findings supporting the legal analysis were clearly erroneous. *United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir.2009) (en banc).
>
> If the court failed to apply the correct legal standard, then it has "necessarily abuse[d] its discretion." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). This prong of the determination is considered de novo. *Hinkson*, 585 F.3d at 1261–62.

*In re Veal*, 450 B.R. at 914.

## DISCUSSION

### A. Preliminary Issue: The Record on Appeal

 The panel notes that both parties referenced or included numerous documents in their briefs and excepts of record that were not presented to the bankruptcy court. Evidence, or purported evidence, that was not properly before the bankruptcy court is not part of the record on appeal. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir.1988); *see also* Fed. R.App. P. 10. As such, we can only consider those documents that were before the bankruptcy court when it granted Wells Fargo's motion for relief from stay, along with those documents delineated in Rule 8006.

### B. Wells Fargo's Standing

 We first address Edwards' argument that Wells Fargo lacked standing. Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *see also Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir.2009); *In re Veal*, 450 B.R. at 906. Although standing has both constitutional and prudential dimensions, Edwards challenges only the prudential standing of Wells Fargo.[6]

 Prudential standing imposes limitations on the exercise of federal jurisdiction. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004). One aspect of prudential standing is that a movant must assert its own legal rights, and may not assert the legal rights of others. *See id.* at 12, 124 S.Ct. 2301; *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 960 (9th Cir.2011); *In re Veal*, 450 B.R. at 907. In this context, prudential standing essentially melds with the concept of "real party in interest" under Civil Rule 17.[7] *In*

**6.** "Constitutional standing requires an injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, and which the requested relief will likely redress." *In re Veal*, 450 B.R. at 906. Constitutional standing is rarely lacking when a creditor seeks relief from the automatic stay, as the stay directly affects a creditor's ability to exercise or vindicate its nonbankruptcy rights.

**7.** Rule 7017 makes Civil Rule 17 applicable to adversary proceedings, and Rule 9014(c)

*re Veal,* 450 B.R. at 908. Among other policy considerations, the real party in interest requirement "ensures that the party bringing the action owns or has rights that can be vindicated by proving the elements of the claim for relief asserted." *Id.*

■ Section 362(d) allows a party to bring a motion for relief from stay if it establishes that it is a "party in interest." While the Code does not define the term "party in interest," this status is "determined on a case-by-case basis, with reference to the interest asserted and how [that] interest is affected by the automatic stay." *In re Kronemyer,* 405 B.R. at 919 (quoting *In re Woodberry,* 383 B.R. 373, 378 (Bankr.D.S.C.2008)).

■ This panel has previously held that "a party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate." *In re Veal,* 450 B.R. at 914–15; *Biggs v. Stovin (In re Luz Int'l, Ltd.),* 219 B.R. 837, 842 (9th Cir. BAP 1998); *see also First Fed. Bank of Cal. v. Robbins (In re Robbins),* 310 B.R. 626, 631 (9th Cir. BAP 2004).

*Veal* essentially recognizes that a movant has a colorable claim sufficient to bestow upon it standing to prosecute a motion under § 362 if it either: (a) owns or has another form of property interest in a note secured by the debtor's (or the estate's) property; or (b) is a "person entitled to enforce" ("PETE") such a note under applicable state law. *Id.* at 913. When standing is challenged, applicable non-bankruptcy law provides the tests to establish a property interest or PETE status. As *Veal* indicates, property interests are typically established by showing compliance with local law, usually the relevant provisions of Article 9 of the Uniform Commercial Code ("UCC"), while PETE status is shown by reference to the applicable provisions of UCC Article 3. *Id.* at **6–10.

■ The issue here is not, as it was in *Veal,* whether Wells Fargo has an ownership or other property interest in the debtor's secured note. Indeed, due to the foreclosure, the debtor's note has been satisfied by Wells Fargo's credit bid. Rather the issue here is the simpler one of whether, when taken together, Wells Fargo's recorded Trustee's Deed and the Unlawful Detainer Judgment demonstrate that Wells Fargo has *some* property interest in the Property. As shown below, this combination establishes, under applicable California law, that Wells Fargo is the presumptive current title owner. As a result, there can be no doubt that Wells Fargo has a sufficient "colorable" claim required for standing.[8]

Edwards, however, argues that Wells Fargo is not the proper party to move for relief from stay because the trustee on her Deed of Trust was Gold Country Escrow; therefore, the parties conducting the foreclosure, T.D. Services or Power Default Services, as the case may be, lacked the authority to sell the Property at the Foreclosure Sale on May 17, 2010. That contention is baseless on this record and under applicable California law.

The duly-recorded Trustee's Deed provides that Wells Fargo is the presumptive current record owner with respect to the

---

makes Rule 7017 applicable to contested matters such as motions under § 362.

**8.** Although Wells Fargo has a sufficient colorable claim to give it standing under *Veal,* that standing only allows it to proceed with its request for stay relief. If allowed under applicable nonbankruptcy law, the debtor may still challenge the foreclosure in state court, or if there is jurisdiction, by initiating an adversary proceeding in bankruptcy court.

Property. *See, e.g., In re Salazar*, 448 B.R. 814, 819 (Bankr.S.D.Cal.2011) (bank moving for relief from stay established a prima facie case of standing as it was the title holder on the subject property under a recorded Trustee's Deed Upon Sale). Pursuant to its title to the Property, Wells Fargo acquired additional rights and remedies when it subsequently obtained the Unlawful Detainer Judgment and Writ of Possession to the Property. Wells Fargo possessed these interests and rights before Edwards filed her bankruptcy petition, and at the time it moved for relief from stay.

Moreover, under California law, Wells Fargo took title free and clear to the Property upon completion of the Foreclosure Sale. *See* 4 Harry D. Miller and Marvin B. Starr, CAL. REAL ESTATE § 10:208 (3d ed. 2009) (under California law, "[t]he purchaser at the foreclosure sale receives title free and clear of any right, title, or interest of the trustor or any grantee or successor of the trustor.").

Under these facts, we find that Wells Fargo satisfied the threshold showing of a colorable claim to an ownership interest in the Property, as well as enforceable rights to the Property thereunder. In turn, this establishes Wells Fargo's status as a real party in interest, as it is clear that Wells Fargo is asserting its own legal rights. Therefore, Wells Fargo had standing to seek relief from the automatic stay.

## C. Cause for Relief From Stay

■ We now turn to the merits. Section 362(d)(1) provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." Although the Bankruptcy Code does not expressly define this term, "cause" for relief

from stay under § 362(d)(1) is determined on a case-by-case basis. *In re Kronemyer*, 405 B.R. at 921.

■ As briefly mentioned above, in California, once a foreclosure sale concludes and the purchaser records the deed in accordance with applicable law, the original trustor or borrower no longer has an interest or right in the subject real property. *See Bebensee–Wong v. Fed. Nat'l Mortg. Ass'n (In re Bebensee–Wong)*, 248 B.R. 820 (9th Cir.BAP2000) (construing Cal. Civ.Code § 2924h(c)); *see also* Kathleen P. March and Hon. Alan M. Ahart, CALIFORNIA PRACTICE GUIDE: BANKRUPTCY, ¶ 8:1196 (2010), available at Westlaw CA-BANKR ("Where a real property nonjudicial foreclosure was completed *and the deed recorded* prepetition, the debtor has neither equitable nor legal title to the property at the time the bankruptcy petition is filed.") (emphasis in original). Accordingly, upon the original trustor's subsequent bankruptcy filing, "there is no reason not to allow the creditor to repossess because filing a bankruptcy petition after loss of ownership cannot reinstate the debtor's title." *Id.* at ¶ 8:1195 (citing § 541(a)). Instead, the debtor is essentially a "squatter," and thus cause for relief from stay is established. *Id.* at ¶ 8:1196.

■ In this matter, the bankruptcy court found that cause existed based on the pre-petition Foreclosure Sale, and the subsequent Unlawful Detainer Judgment and Writ of Possession. In ruling from the bench at the relief from stay hearing, the court stated:

> Wells Fargo initiated the unlawful detainer action as the owner of the property. Evidently, [Edwards] did not respond to that unlawful detainer action. A judgment was entered by a State Court, which determined the right of possession to that property based upon

evidence that was presented to that State Court judge.

I am not about to question that judgment. A writ of possession was issued pursuant to that judgment. The only issue before this Court is whether or not there is some cause to lift the protection of the Bankruptcy Court to allow that State Court judgment to be enforced. And the Court believes that Wells Fargo has established that cause.

Hrg. Trans. (Sep. 9, 2010) at 3:1–12.

In its Relief from Stay Order, the court determined that under California law, Edwards' had no right of redemption once the pre-petition Foreclosure Sale was completed. The court also found that Edwards was served with a required three-day notice to quit or pay rent on May 28, 2010, and that Wells Fargo obtained the Unlawful Detainer Judgment on July 14, 2010. On this basis, the court determined that Edwards "ha[d] no right to ignore the foreclosure and attempt to reorganize the debt." The court further determined that Edwards "filed the bankruptcy petition on August 5, 2010 in an apparent effort to stay enforcement of the unlawful detainer judgement." As such, the court properly found that Edwards no longer had an interest in the Property, and Wells Fargo established cause to obtain relief from stay.[9]

Based on the foregoing, and upon our review of Wells Fargo's rights as a purchaser at a foreclosure sale, we find that the court's factual findings were not clearly erroneous. Therefore, the court did not abuse its discretion in granting Wells Fargo relief from the automatic stay.

**D. The Adversary Proceeding**

Edwards further claims that the bankruptcy court erred in granting relief from stay because she had commenced an adversary proceeding against Wells Fargo challenging its title. The crux of Edwards' complaint was that the Foreclosure Sale, Unlawful Detainer Action, subsequent Unlawful Detainer Judgment and Writ of Possession were improper, fraudulent, illegal and invalid.

As a preliminary matter, it is not clear that the adversary proceeding complaint was before the court at the September 9 hearing. Although Edwards referenced an adversary proceeding in her response to Wells Fargo's motion for relief from stay, the bankruptcy docket reflects that the adversary proceeding was not filed until September 9, 2010, the same day as the relief from stay hearing. There is no indication that Edwards actually presented a copy of her complaint, or even mentioned it, to the court at or before the September 9 hearing.

■ Even if the court could have assumed that Edwards had filed an adversary complaint, it would not change our analysis. The bankruptcy court generally has broad discretion in granting relief from stay for cause under § 362(d). *Groshong v. Sapp (In re Mila, Inc.)*, 423 B.R. 537, 542 (9th Cir. BAP 2010). This includes granting relief from stay to enforce a prepetition state court judgment, in spite of whether the debtor has initiated a related adversary proceeding. *See generally In re Robbins*, 310 B.R. at 630 (granting or denying relief from stay while ad-

**9.** This case is distinguishable from cases such as *In re Salazar*. In *Salazar,* the bank moving for relief from stay had obtained title to the subject property prior to the debtor's bankruptcy filing through a non-judicial foreclosure sale. 448 B.R. at 818. The relief sought, however, was to *continue* the unlawful detainer action it commenced in state court prior to debtor's bankruptcy. *Id.* There thus was no final state court judgment adjudicating the parties' rights.

versary proceeding is pending is within the sound discretion of the bankruptcy court); *In re Kronemyer*, 405 B.R. at 921–22 (court did not abuse discretion in granting creditor relief from stay to continue state court litigation despite a pending adversary proceeding).

 Moreover, once a California state court grants an unlawful detainer judgement in favor of a foreclosure sale purchaser, the original trustor or borrower is foreclosed under the doctrine of claim preclusion from arguing that the foreclosure sale itself was improper.[10] *See Freeze v. Salot*, 122 Cal.App.2d 561, 565–66, 266 P.2d 140, 142–43 (1954)(after defendant obtained a judgment against plaintiff in an unlawful detainer action, res judicata precluded plaintiff's re-litigation of wrongful foreclosure claims in subsequent lawsuit). 28 U.S.C. § 1738 requires that federal courts give state court judgments the same effect as the judgment would be given under the applicable state law.

 Edwards' complaint, much like her argument before this panel, seemingly advances the same state law claims, rights and defenses that she asserted (or should have asserted) before the State Court. As previously discussed, the State Court rendered judgment in favor of Wells Fargo in the Unlawful Detainer Action. Edwards was therefore precluded from continuing to assert that the Foreclosure Sale was improper, fraudulent, illegal and invalid in her bankruptcy case. It could not have been an abuse of discretion in these circumstances to grant relief from stay.

In sum, we find that based on the record in this case, the bankruptcy court did not abuse its discretion in granting Wells Far-

go relief from the automatic stay under § 362(d)(1).[11]

## CONCLUSION

For all of the reasons set forth above, the bankruptcy court's order granting relief from stay is AFFIRMED.

---

10. However, an unlawful detainer judgment does not necessarily bar subsequent litigation as to *title* of the realty. *See Vella v. Hudgins*, 20 Cal.3d 251, 257, 142 Cal.Rptr. 414, 572 P.2d 28, 31 (1977).

11. We decline to reach the issue of whether stay relief might also have been appropriate under § 362(d)(2).