NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-11-1038-DKiPa |
| | ) | |
| KAREN KAY ELSTNER-BAILEY, | ) | Bk. No. LA 10-52653-ER |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| KAREN KAY ELSTNER-BAILEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[1] |
| | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION; NANCY K. CURRY, | ) | |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on September 23, 2011
at Pasadena, California

Filed – October 4, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest Robles, Bankruptcy Judge, Presiding

Appearances:    Appellant Karen Kay Elstner-Bailey argued pro se;
Melissa Robins Coutts of McCarthy & Holthus, LLP
argued for Appellee Federal National Mortgage
Association

Before:  DUNN, KIRSCHER, and PAPPAS, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, FRAP 32.1, it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Debtor Karen Kay Elstner-Bailey ("Debtor") appeals the bankruptcy court's order annulling the automatic stay to allow Appellee Federal National Mortgage Association ("FNMA") to proceed with its state court unlawful detainer action. We AFFIRM.

## I.  FACTUAL BACKGROUND

Since the record submitted in this appeal is very sparse, we rely on that limited record, the facts stated in the Debtor's brief and our independent review of relevant imaged documents from the bankruptcy court's electronic docket in case no. 2:10-bk-52653-ER to provide the following factual narrative. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

On November 1, 2004, the Debtor signed a promissory note ("Note") in the principal amount of $333,700.00, secured by a deed of trust ("Trust Deed") on real property located in Los Angeles, California ("Property").

A foreclosure sale with respect to the Property was conducted on June 3, 2010.[2]  FNMA purchased the Property at the foreclosure sale for a bid of $356,379.70.  A trustee's deed ("Trustee's Deed") transferring title to the Property to FNMA was recorded in Los Angeles County on June 10, 2010.

FNMA caused a Notice to Quit the Property to be served on

---

[2] According to the Debtor, she was in negotiations to obtain a loan modification when the foreclosure took place.

the Debtor on June 10, 2010. FNMA filed an unlawful detainer complaint ("Unlawful Detainer Action") against the Debtor in California state court on June 23, 2010. On August 9, 2010, the Debtor filed an Answer in the Unlawful Detainer Action, and the action was set for trial. On September 28, 2010, the state court heard pretrial motions in the Unlawful Detainer Action, and on the following day, September 29, 2010, a jury trial took place. The jury returned a verdict for judgment for possession in favor of FNMA and against the Debtor. A judgment and writ of possession were submitted by FNMA to the state court for signature and entry, but prior to entry of the judgment, the Debtor filed for bankruptcy protection.

The Debtor filed her chapter 13[3] petition on October 5, 2010. On October 14, 2010, FNMA filed a motion for relief from the automatic stay ("First RFS Motion"). The Debtor filed a response, and the First RFS Motion was heard on November 15, 2010. The bankruptcy court denied the First RFS Motion, apparently because the declaration filed in support of the motion incorrectly stated that a default judgment was entered in FNMA's favor in the Unlawful Detainer Action on August 11, 2010.

On December 15, 2010, FNMA filed a second motion for relief from the automatic stay ("Second RFS Motion") to allow FNMA to proceed with its remedies under California state law to remove

---

[3] Unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

-3-

the Debtor from the Property. The Debtor filed a response to the Second RFS Motion on December 23, 2010, claiming that for various reasons, FNMA did not have standing to prosecute the Second RFS Motion.

The bankruptcy court held a hearing ("Hearing") on the Second RFS Motion on January 10, 2010. The bankruptcy court issued a tentative ruling in advance of the Hearing stating its inclination to grant the Second RFS Motion because FNMA had submitted sufficient evidence to establish its interest in the Property. The bankruptcy court further indicated that it was inclined to annul the automatic stay retroactive to the petition date, so that enforcement actions, if any, taken by FNMA prior to receiving notice of the Debtor's bankruptcy filing would not be void as in violation of the automatic stay.

At the Hearing, the Debtor pressed her standing arguments against FNMA, but the bankruptcy court ultimately overruled them. The bankruptcy court stated that it would grant the Second RFS Motion on the bases stated in its tentative ruling. The bankruptcy court further noted that the Debtor was raising issues that would have to be determined by the state court. The bankruptcy court entered an order in favor of FNMA annulling the stay retroactive to the petition date and waiving the 14-day stay of effectiveness of the order provided for in Rule 4001(a)(3) on January 31, 2011.

The Debtor timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C.

§§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

### III. ISSUE

Did the bankruptcy court abuse its discretion in granting FNMA's motion for relief from the automatic stay?

### IV. STANDARDS OF REVIEW

Standing is a legal issue that we review de novo. <u>Loyd v. Paine Webber, Inc.</u>, 208 F.3d 755, 758 (9th Cir. 2000); <u>Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)</u>, 405 B.R. 915, 919 (9th Cir. BAP 2009).

We review an order granting relief from stay for abuse of discretion. <u>Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)</u>, 450 B.R. 897, 913 (9th Cir. BAP 2011); <u>In re Kronemyer</u>, 405 B.R. at 919. We apply a two-part test to determine whether the bankruptcy court abused its discretion. <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, we consider de novo whether the bankruptcy court applied the correct legal standard to the relief requested. <u>Id.</u> Then, we review the bankruptcy court's fact findings for clear error. <u>Id.</u> at 1262 and n.20. We must affirm the bankruptcy court's fact findings unless we conclude that they are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" <u>Id.</u>

///
///
///

**V. DISCUSSION**

I. <u>The bankruptcy court did not err in concluding that FNMA had standing to prosecute the motion for relief from stay</u>.

Debtor's argument that FNMA lacked standing to file and prosecute the Second RFS Motion ultimately is the sole issue raised by the Debtor in this appeal. Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975). The party moving for relief from the automatic stay bears the burden of establishing that it has standing to prosecute the motion. <u>See</u> <u>In re Wilhelm</u>, 407 B.R. 392, 399-400 (Bankr. D. Idaho 2009), citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992).

A bankruptcy court, as with any federal court, may exercise jurisdiction over a party only when that party meets both constitutional and prudential standing requirements. <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 11 (2004); <u>In re Veal</u>, 450 B.R. at 906. To have constitutional standing in litigation, a party must have suffered an injury in fact, that is, a violation of a legally protected interest, caused by or "fairly traceable to" the actions of the opposing party, that likely will be redressed by a favorable decision in the subject proceeding. <u>Arizona Christian Sch. Tuition Org. v. Winn</u>, ___ U.S. ___, 131 S. Ct. 1436, 1442 (2011), quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. at 560-61 (1992).

In analyzing prudential standing requirements, the Supreme Court has held:

"[T]he plaintiff generally must assert his own legal

-6-

rights and interest, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Warth v. Seldin</u>, 422 U.S., at 499. <u>Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 474 (1982). In other words, the party moving for relief from the automatic stay before the bankruptcy court must be the "real party in interest."

FNMA meets the requirements for constitutional standing in this case. In fact, "[c]onstitutional standing is rarely lacking when a creditor seeks relief from the automatic stay, as the stay directly affects a creditor's ability to exercise or vindicate its nonbankruptcy rights." <u>Edwards v. Wells Fargo Bank, N.A. (In re Edwards)</u>, 454 B.R. 100, 2011 WL 3211357 at *2 n.6 (9th Cir. BAP July 12, 2011). In this case, injury in fact is demonstrated by FNMA being prohibited by the automatic stay from proceeding to obtain a judgment and writ of possession in the Unlawful Detainer Action against the Debtor. Causation is established by the fact that FNMA cannot exercise nonbankruptcy remedies against the Debtor in the absence of relief from the stay. Finally, redress through relief from the stay allows FNMA to proceed to seek its nonbankruptcy remedies in state court.

The standards for prudential standing in relief from stay proceedings in bankruptcy can present more complicated issues. Motions for relief from the automatic stay are contested matters. <u>See</u> Rules 4001(a) and 9014(a). Rule 9014(c) provides that Rule 7017 is applicable in contested matters. Rule 7017, in turn, incorporates Civil Rule 17. Civil Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest. . . ."

Under § 362(d), a "party in interest" can request relief from the automatic stay. Section 362(d)(1) authorizes relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." Because the term "party in interest" is not defined in the Bankruptcy Code, whether a moving party, such as FNMA, has the status of a party in interest under § 362(d) is a fact dependent matter to be determined on a case-by-case basis, taking the claimed interest and the alleged impact of the stay on that interest into account. In re Kronemyer, 405 B.R. at 919. A "party in interest" can include any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter, or that is impacted by the automatic stay. Brown v. Sobczak (In re Sobczak), 369 B.R. 512, 517-18 (9th Cir. BAP 2007).

Proceedings to decide motions for relief from the automatic stay are very limited proceedings.

> Given the limited grounds for obtaining . . . relief from stay, read in conjunction with the expedited schedule for a hearing on the motion, most courts hold that motion for relief from stay hearings should not involve an adjudication on the merits of claims, defenses, or counterclaims, but simply determine whether the creditor has a colorable claim to the property of the estate.

Biggs v. Stovin (In re Luz Int'l), 219 B.R. 837, 842 (9th Cir. BAP 1998) (emphasis added). See, e.g., Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740-41 (9th Cir. 1985).

Cornell University Law School's Legal Information Institute defines a "colorable claim" as:

> A plausible legal claim. In other words, a claim strong enough to have a reasonable chance of being valid if the legal basis is generally correct and the

-8-

facts can be proven in court. The claim need not actually result in a win.

Http://topics.law.cornell.edu/wex/colorable_claim (emphasis added).

This Panel recently considered standing issues under circumstances very similar to this appeal in its published decision in Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 2011 WL 3211357 (9th Cir. BAP July 12, 2011). In Edwards, the party that moved for relief from stay in the debtor's bankruptcy case, Wells Fargo Bank, N.A. ("Wells Fargo"), had purchased the debtor's residence property at a nonjudicial foreclosure sale prepetition. The trustee's deed transferring title to Wells Fargo likewise had been recorded in advance of the debtor's bankruptcy filing, and Wells Fargo had filed an unlawful detainer action against the debtor in state court. The only real difference is that Wells Fargo had actually obtained a judgment and a Writ of Possession in the unlawful detainer action before the debtor filed for bankruptcy protection in Edwards.

The Edwards Panel concluded, based on the record before it, that under applicable California law, Wells Fargo was the presumptive current title owner of the subject property. Id. at *3. Accordingly, there could "be no doubt" that Wells Fargo had a sufficient "colorable" claim for standing purposes, as "[t]he duly-recorded Trustee's Deed provides that Wells Fargo is the presumptive current record owner with respect to the Property." See In re Salazar, 448 B.R. 814, 819 (Bankr. S.D. Cal. 2011) (the bank moving for relief from stay established standing as the title holder of the subject property under a recorded Trustee's

-9-

Deed upon Sale).

The Debtor clasps the Note as a talisman, arguing that FNMA did not provide any evidence of its standing as the owner of the Note. See Appellant's Opening Brief at 4-5, 9 and 13. Notwithstanding the fervor of Debtor's arguments, the fact remains that FNMA's winning bid at the foreclosure sale of the Property and the timely recording of the Trustee's Deed superseded the Note and Trust Deed. See In re Edwards, 2011 WL 3211357 at *3 ("[D]ue to the foreclosure, the debtor's note has been satisfied by Wells Fargo's credit bid."). Under California law, FNMA took title free and clear to the Property on completion of the foreclosure sale. See 4 Harry D. Miller and Marvin B. Starr, Cal. Real Estate § 10:208 (3d ed. 2009) (Under California law, "[t]he purchaser at the foreclosure sale receives title free and clear of any right, title, or interest of the trustor or any grantee or successor of the trustor."). As the title holder and owner of the Property under the recorded Trustee's Deed, FNMA was a real party in interest for purposes of moving for relief from the automatic stay, and the bankruptcy court did not err in its conclusion that FNMA had standing to file and prosecute the Second RFS Motion.[4]

---

[4] As noted by the bankruptcy court at the Hearing, its determination that FNMA had standing to move for relief from the stay had no effect with respect to resolving the Debtor's issues in state court. In fact, the parties advised us at oral argument that the Debtor had filed an adversary proceeding before the bankruptcy court and an action in the United States District Court to assert her claims with respect to the property, in addition to any further proceedings in state court.

-10-

II. **The bankruptcy court did not abuse its discretion in annulling the stay.**

While the Debtor's arguments on appeal do not extend beyond challenging FNMA's standing to seek relief from the automatic stay, we note that the bankruptcy court granted relief by annulling the stay pursuant to § 362(d)(1) for "cause."

Under California law, once a foreclosure sale takes place, and the trustee's deed transferring title to the subject property is recorded, the original borrower/owner no longer has an interest in the property. See Bebensee-Wong v. Fed. Nat'l Mortg. Ass'n (In re Bebensee-Wong), 248 B.R. 820, 822-23 (9th Cir. BAP 2000), construing Cal. Civil Code § 2924h(c); see also Kathleen P. March and Hon. Alan M. Ahart, California Practice Guide: Bankruptcy ¶ 8:1196 (2010), available at Westlaw CABANKR ("Where a real property nonjudicial foreclosure was completed and the deed recorded prepetition, the debtor has neither equitable nor legal title to the property at the time the bankruptcy petition is filed.") (emphasis in original). Upon the former owner's subsequent bankruptcy filing, "there is no reason not to allow the creditor to repossess because filing a bankruptcy petition after loss of ownership cannot reinstate the debtor's title." Id. at ¶ 8:1195. Accordingly, "cause" to grant relief from the stay in such circumstances generally is a given.

In this case, FNMA acquired title to the Property through submitting the prevailing bid at a foreclosure sale, with the Trustee's Deed transferring title being recorded approximately one week later, both well in advance of the Debtor's bankruptcy filing. Based on the foregoing, and on our review of FNMA's

-11-

rights as a purchaser at a foreclosure sale under California law, we find no abuse of discretion in the bankruptcy court's decisions to annul the stay in favor of FNMA retroactive to the petition date and to waive the fourteen-day stay of the effective date of its order under Rule 4001(a)(3).

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.