

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ALEN L. LY, | No. 13-60081 |
| Debtor, | BAP No. 12-1395 |
| ALEN L. LY, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| MICHELLE V. CHE, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted April 9, 2015[**]
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Before:    BENAVIDES,[***] TASHIMA, and CLIFTON, Circuit Judges.

Appellant Alen Ly appeals from an order of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order granting appellee Michelle Che relief from the automatic stay and granting Che's motion for sanctions. Ly challenges the BAP's determination that Che had prudential standing to seek relief from the stay and its imposition of sanctions against Ly and his attorney for filing a frivolous appeal to the BAP. In a separate motion, Che asks this court to sanction Ly for filing a frivolous appeal to this Court. We have jurisdiction under 28 U.S.C. § 158(d). We affirm the decision of the BAP, but deny Che's new motion for sanctions.[1]

"We review decisions of the Bankruptcy Appellate Panel *de novo* and apply the same standard of review that the Bankruptcy Appellate Panel applied to the bankruptcy court's ruling." *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1198 (9th Cir. 2012) (citation omitted). "Standing to sue is a question of law

---

[***]    The Honorable Fortunato P. Benavides, Senior United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

[1]    Also pending before this court are two requests for judicial notice filed by Ly, and one request for judicial notice filed by Che. We deny all of the pending requests for judicial notice because all of them seek notice of matters irrelevant to the decision of this appeal. *See United States v. Wei Lin*, 738 F.3d 1082, 1085 (9th Cir. 2013).

2

reviewed de novo." *Loyd v. Paine Webber, Inc.*, 208 F.3d 755, 758 (9th Cir. 2000). We review the BAP's decision to impose sanctions for abuse of discretion. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003).

**1.** As the legal owner of a property involved in the bankruptcy, Che has standing to seek relief from the stay. Prudential standing requires that a party "'assert [her] own rights, rather than rely on the rights or interests of a third party' and 'allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question.'" *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 61 (9th Cir. 1994) (quoting *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987)). Che seeks relief under 11 U.S.C. § 362(d), which allows any "party in interest" to request relief from the stay.

In interpreting the phrase "party in interest," we may look to related provisions in the bankruptcy code. *Hawkins v. Franchise Tax Bd. of Cal.*, 769 F.3d 662, 666 (9th Cir. 2014). In the related context of 11 U.S.C. § 1109(b), "[t]he 'party in interest' standard has generally been construed broadly." *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 884 (9th Cir. 2012) (citations omitted). Courts have interpreted that phrase to include "anyone who has a legally protected interest that could be affected by a bankruptcy

3

proceeding." *Id.* (quoting *In re James Wilson Assoc.*, 965 F.2d 160, 169 (7th Cir. 1992)). Because Che owns a property that could be affected by the bankruptcy proceeding, she is a "party in interest" within the meaning of § 362(d). Che is asserting her own right under that provision, and therefore has prudential standing.

2.       The BAP did not abuse its discretion in sanctioning Ly and his attorney for filing a frivolous appeal. The BAP has power to issue sanctions for a frivolous appeal under Fed. R. Bankr. P. 8020(a). An appeal is frivolous "if the results are obvious, or the arguments of error are wholly without merit." *George v. City of Morro Bay (In re George)*, 322 F.3d 586, 591 (9th Cir. 2003) (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990)). "[A] finding of bad faith is not necessary to impose sanctions" for a frivolous appeal, though bad faith may counsel in favor of the court exercising its discretion to grant sanctions. *United States v. Nelson (In re Becraft)*, 885 F.2d 547, 549 (9th Cir. 1989).

The BAP determined that Ly's appeal was frivolous because his arguments were squarely foreclosed by two cases: *Veal, Jr. v. Wells Fargo Bank, N.A. (In re Veal, Jr.)*, 450 B.R. 897 (B.A.P. 9th Cir. 2011), and *Edwards v. Wells Fargo Bank, N.A. (In re Edwards)*, 454 B.R. 100 (B.A.P. 9th Cir. 2011). These cases unequivocally establish that the "current title owner" of a property involved in bankruptcy proceedings has standing to seek relief from the stay. *In re Edwards*,

4

454 B.R. at 105. Ly's attorney admitted he was aware of these cases and also knew that Che owned a property involved in the bankruptcy proceedings but persisted in his appeal nonetheless. Given the case law directly contradicting his position, the result of Ly's appeal was obvious and his arguments were "wholly without merit." *In re George*, 322 F.3d at 591. The BAP acted within its discretion by sanctioning Ly and his attorney.

3.     In addition to the sanctions imposed by the BAP, Che now moves this court to sanction Ly under Fed. R. App. P. 38 for filing a frivolous appeal to this Court. Like the BAP, we may sanction a party for filing a frivolous appeal "if the results are obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d at 591. Applying this standard, we decline to issue further sanctions against Ly and his attorney.

We note that Ly's arguments, which focus primarily on the fact that Che checked the wrong box on a form she used to file her motion for relief from the stay, are not particularly germane to the question of standing before this Court. However, the cases that foreclosed Ly's arguments before the BAP, *In re Veal, Jr.* and *In re Edwards*, are not binding on this court. Accordingly, because a non-frivolous argument could be made that the reasoning of those cases should not be

adopted by this Court, although no such argument was made, we decline to impose sanctions for a frivolous appeal in the exercise of our discretion.

•  ●  •

The decision of the Bankruptcy Appellate Panel is **AFFIRMED**.  The motion for sanctions is **DENIED**.