

# FILED

APR 9 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. AZ-17-1284-LBTa |
| ERLING S. CALKINS and ELAINE S. CALKINS, | Bk. No. 3:13-bk-08354-DPC |
| Debtors. | |
| ERLING S. CALKINS, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| COCONINO COUNTY; COCONINO COUNTY PUBLIC HEALTH SERVICES DISTRICT, | |
| Appellees. | |

Argued and Submitted on March 22, 2019
at Phoenix, Arizona

Filed – April 9, 2019

Appeal from the United States Bankruptcy Court

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

for the District of Arizona

Honorable Daniel P. Collins, Bankruptcy Judge, Presiding

—————

Appearances:     Erling S. Calkins argued pro se; Brian Y. Furuya of the
                 Coconino County Attorney's Office argued for Appellees.

—————

Before: LAFFERTY, BRAND, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Chapter 11[1] debtor Erling S. Calkins[2] appeals the bankruptcy court's order partially lifting the automatic stay and abstaining from adjudicating the amount of restitution owed to Appellees for their costs of remediation of zoning, building, and health code violations on Debtors' real property. The order provided that the bankruptcy court would abstain so that the matter could be determined in ongoing state court litigation that had been pending for several years, with the parties to return to the bankruptcy court for a final adjudication of the allowed amount of Appellees' claim.

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]Although the order on appeal affects both debtors, Mr. Calkins filed this appeal in his name only.

2

Mr. Calkins does not assign error to the abstention portion of the order on appeal. He argues, however, that the bankruptcy court erred in including language in the order providing for a partial stay lift for the parties to return to state court because that language was neither requested nor discussed at the hearing.

We AFFIRM.

## FACTUAL BACKGROUND

In 2012, Appellees Coconino County and Coconino County Public Health Services District (collectively, the "County") obtained a judgment from the Coconino County Hearing Officer against Debtors. The Hearing Officer found Debtors in violation of several county zoning ordinances on their Flagstaff, Arizona, real property (the "Property"); the judgment imposed a monetary penalty and ordered Debtors to remedy the violations. The judgment also imposed daily noncompliance penalties if Debtors did not meet certain deadlines. In March 2013, the County Board of Supervisors affirmed the judgment and extended the time for compliance to April 13, 2013.

In May 2013, Debtors filed the instant chapter 11 case. The County filed an adversary proceeding in which, among other relief sought, it requested the bankruptcy court to declare the noncompliance penalties nondischargeable and the County's enforcement actions to be excepted from the automatic stay. Debtors filed a counterclaim for avoidance of liens

recorded postpetition. That adversary proceeding has been stayed since September 2014 by stipulation of the parties, initially so that they could pursue settlement negotiations and, later, to permit resolution of a state court appeal.

In December 2013, the County filed an action in Coconino County Superior Court ("State Court") to pursue enforcement of the judgment.[3] The State Court granted the County's motion for injunctive relief, finding that the Property was in violation of county zoning, building, and health codes in a manner that endangered public health, safety, and welfare. The State Court ordered Debtors to remediate those violations, including removing "trash, filth, second-hand materials, debris, mobile home(s), and

---

[3]The County did not obtain relief from stay before filing the December 2013 state court action, apparently because it believed the action was an exercise of its police and regulatory power excepted from the stay under § 362(b)(4). Debtors conceded as much in their answer to the County's amended complaint filed in the adversary proceeding. In that answer, Debtors admitted the County's new allegation that it had filed the State Court enforcement action "pursuant to its police and regulatory powers." Debtors further stated, "Defendants reserve their right to argue that, although Plaintiff was permitted to bring its state court action without seeking relief from the automatic stay under 11 U.S.C. § 362(b)(4), Plaintiff is not permitted to take any collection action or perfect any liens in property of the estate without first seeking relief from the automatic stay."

In addition, as discussed below, the bankruptcy court later entered an order in the main case stating that any postpetition orders entered in the December 2013 state court action that related to "the protection of public safety and welfare or that effectuate public policy and are not in the nature of creating a pecuniary interest assessed against the debtor or property of the estate are not in violation of the stay."

4

unlicensed and inoperable vehicles from the property . . . [,]" and obtaining permits and approvals from the County pertaining to the code violations and permits to demolish certain structures on the Property. The State Court also entered a judgment for $230,550 in accrued noncompliance penalties. Debtors appealed the penalty portion of the State Court judgment to the Arizona Court of Appeals.[4]

In May 2014, the State Court found that Debtors had not met the deadlines set in its prior order and entered an order authorizing the County to perform the remediation without interference from Debtors.

More than two years later, the County sought an order from the bankruptcy court confirming that the automatic stay did not prohibit them from performing the remediation on the Property because that conduct fell within the "police and regulatory power" exception to the automatic stay. The bankruptcy court granted the motion. In its order entered September 19, 2016 (the "No Stay Order"), the court found that the County was not barred by the automatic stay from "taking any and all action that seeks to protect public safety and welfare or effectuates public policy as it relates to the matters pending in [the state court]." The No Stay Order also ordered that

[P]ost petition Orders issued by Judge Moran [the judge

---

[4]The Arizona Court of Appeals eventually remanded the matter to the State Court because the order on appeal was interlocutory.

5

> presiding over the 2013 state court action], to the extent that such Orders relate to the protection of public safety and welfare or that effectuate public policy and are not in the nature of creating a pecuniary interest assessed against the debtor or property of the estate, are not in violation of the automatic stay and Judge Moran may enforce or modify such Orders as deemed appropriate.

> . . . post petition Orders issued by Judge Moran, to the extent that such Orders relate to the County's pecuniary interest in the debtors' property by way of assessing a monetary fine, penalty, fee or sanction or creating a lien against property of the estate, and further to the extent that such Orders have yet to be determined to be a violation of the Automatic Stay by this Court, such Orders remain unenforceable against the Debtor or the estate until further Order of this Court.

Debtors did not appeal the No Stay Order.

In January 2017, several months after the entry of the No Stay Order, Mr. Calkins, acting pro se, filed a "Notice of False and Fraudlaunt [sic] Superior Court Order," alleging that the State Court's May 2014 order authorizing the County to perform the remediation, which had been attached to the County's motion to confirm the absence of a stay, was a "false order" that did not reflect the "true wishes" of the State Court. He asked the court to issue an order to show cause against the County as to why it "should not be adjudicated guilty for the fraudulent conduct[.]" The County moved to strike the "Notice" on grounds that Mr. Calkins was represented by counsel and was not authorized to file papers pro se. The

6

bankruptcy court agreed; it granted the motion to strike and denied Mr. Calkins' motion without prejudice to another such motion being filed by counsel.[5]

In the meantime, the County filed a proof of claim, asserting a priority claim of $230,550 comprised of the penalties awarded by the State Court. After the County had performed the remediation at the Property, it amended its proof of claim to add restitution of $53,088, representing the costs of the remediation. Although Debtors did not file a formal objection to the claim, they informed the County that they objected. Therefore, the County requested the bankruptcy court hold a hearing to "preliminarily address the venue in which Debtors' objections would be most appropriately and expeditiously addressed." Debtors did not file a response, and the court set a hearing on the matter.

At that hearing, counsel for the County explained that although the County had amended its claim, the final amount of restitution had yet to be finally adjudicated in the state court because of the No Stay Order, which prohibited any action relating to the County's pecuniary interest in

---

[5]The bankruptcy court entered its written order disposing of both motions on April 4, 2017, and a minute entry was filed April 28, 2017 vacating the hearing on the subject motions. On June 2, 2017, Mr. Calkins filed a notice of appeal of the April 28 minute entry. That appeal (BAP No. AZ-17-1173-SBaF) was eventually dismissed because the minute entry was not an appealable order. The Panel deemed the appeal timely, "charitably" interpreting the appeal as from the court's explanation at a May 19, 2017 status conference that the minute entry vacated only the hearing date and not the April 4 order.

property of the estate without a further order. Although Mr. Calkins was represented by counsel, who was present, the bankruptcy court questioned Mr. Calkins directly regarding whether he would be willing to have the claim amount adjudicated in state court. Mr. Calkins responded that he would be "happy to go back to state court and we'll talk about the fines."[6] The court clarified that the stay would not be lifted as to the Property itself or any encumbrance against the Property.

The court requested the County's counsel to prepare a form of order and have Mr. Calkins and his counsel sign off on it. The County's counsel prepared a form of order that was approved with minor changes by Debtors' counsel, but Debtors would not authorize their counsel to sign it on their behalf, as they insisted upon the inclusion of language that went beyond the bankruptcy court's ruling. Being unable to resolve the dispute, the parties submitted it to the bankruptcy court, which entered the County's proposed order ("Abstention Order"). The Abstention Order provided:

> ORDERED, partially lifting the automatic stay only to that

---

[6]Mr. Calkins' counsel stated at the hearing that he would likely file an objection to the County's claim, to which the court suggested that he file a "one-liner that says the Debtor objects to this claim and understands that it's going to be resolved, if at all, in state court." On August 21, 2017, Debtors, through counsel, filed an objection to the County's claim. The objection states: "[t]his claim is to be initially determined and adjudicated in Coconino County Superior Court and/or in any appropriate appellate Court. Once the claim, if any, is adjudicated and is final, the claim is to be re-filed in these proceedings by the County, if it so elects."

extent necessary to permit the Coconino County Superior Court to consider, determine, and set the appropriate amount of restitution payable to the County for its abatement of code violations alleged to have existed on property of the bankruptcy estate in the above-captioned matter, if any; and

FURTHER ORDERED, authorizing Debtors to pursue such claims, counterclaims, appeals, and other remedies as they may deem necessary with regard to the State Case on behalf of their bankruptcy estate in Arizona State courts and/or in the U.S. District Court; and

FURTHER ORDERED, barring the imposition of any liens or other encumbrances as to any property of the bankruptcy estate, pending further order of this Court; and

FURTHER ORDERED, confirming the continuance of the automatic stay with regard to any and all collection(s) or enforcement action on any monetary judgment with regard to property of the bankruptcy estate, pending further order of this Court; and

FURTHER ORDERED, that except as otherwise limited hereby, this Bankruptcy Court shall abstain from the final determination of the State Case, and does hereby authorize entry of a final judgment by the Coconino County Superior Court in the State Case, as that court may deem appropriate under the applicable facts and law considered by it, and for any Arizona State appellate court(s) to review and pass upon said final judgment.

Mr. Calkins, acting pro se, timely appealed the order.

After this appeal was filed, the State Court held a trial to establish the

restitution amount. On October 27, 2017, the State Court entered a final judgment in favor of the County in the amount of $283,811.19 plus interest.[7]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in lifting the automatic stay to permit the state court to litigate the amount of the County's claim?

## STANDARD OF REVIEW

An order lifting the automatic stay is reviewed for abuse of discretion. *Edwards v. Wells Fargo Bank, N.A. (In re Edwards)*, 454 B.R. 100, 104 (9th Cir. BAP 2011). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

Mr. Calkins' arguments on appeal are difficult to follow, but he appears fundamentally to misapprehend the scope of relief granted by the

---

[7]Debtors appealed the final judgment to the Arizona Court of Appeals, which affirmed the judgment on March 7, 2019.

Abstention Order. He has not assigned error to the bankruptcy court's decision to abstain from determining the amount of restitution to be awarded to the County. In fact, in his reply brief, Mr. Calkins explicitly states that the bankruptcy court correctly exercised its discretion to abstain.

His objection is to the language in the order permitting the partial lifting of the automatic stay for the state court to adjudicate the restitution amount. He complains that the County did not request that the stay be lifted nor did the bankruptcy court state at the hearing that it intended to lift the stay. While that may be true, stay relief was explicitly limited to the adjudication of the restitution amount and was necessary to signal the State Court that it would not be violating the stay in making that determination, particularly in light of language in the No Stay Order that orders of the state court relating to the County's pecuniary interest in the Property were stayed pending further order of the bankruptcy court.

In other words, for the Abstention Order to be fully effective, a partial stay lift–or a comfort order to that effect–was implicitly necessary. *See Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 163 (9th Cir. 1986) (no abuse of discretion where district court lifted stay to permit state court trial to proceed); *see also Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990) (bankruptcy court's abstention to permit pending state court litigation to continue may constitute cause to lift the stay); *and Swift v. Bellucci (In re Bellucci)*, 119 B.R.

763, 778-79 (Bankr. E.D. Cal. 1990) (bankruptcy court may sua sponte lift stay to permit a state court appeal to proceed). The fact that relief from stay was not explicitly discussed at the hearing did not prejudice Mr. Calkins, who stated that he had no objection to the State Court adjudicating the restitution amount.

Mr. Calkins seems to conflate the Abstention Order with the No Stay Order or with other rulings of the bankruptcy court that were not appealed. He notes–correctly–that the Abstention Order did not authorize the County to demolish his residence or cure code violations. He quotes the language of the No Stay Order but seems to construe it as requiring the County to return to the bankruptcy court to obtain further authorization to perform remediation. He alleges that counsel for the County "was warned to come back to the bankruptcy court before any remediation activity takes place against the Debtors dealing with the destruction of the residence and zoning issues on the property." He also alleges that the County "falsified" the Abstention Order to the State Court judge. But the record does not support these arguments or allegations.

The County performed its remediation pursuant to the No Stay Order, not the Abstention Order. The County sought the No Stay Order explicitly to confirm that the remediation fell within the "police and regulatory power" exception to the automatic stay, § 362(b)(4). At the hearing on the County's motion to confirm the absence of the stay, Debtors'

12

counsel appeared and agreed that the stay did not apply to the remediation. He asked the court to include language in its order making it clear that the stay still applied to enforcement of money judgments and foreclosure as to property of the estate; the final order entered by the bankruptcy court implicitly so provided. Debtors did not appeal the No Stay Order, and the County proceeded with its remediation in reliance upon that order.

Thus, by the time the County sought the order on appeal, it had already completed the remediation and was merely seeking further authority to have the State Court adjudicate the final amount of the County's claim. The Abstention Order did not authorize remediation because remediation had already been authorized and completed pursuant to the No Stay Order.

Mr. Calkins also construes the Abstention Order as improperly adjudicating the issues in the stayed adversary proceeding. This argument echoes a concern raised by Debtors' counsel at the hearing on the No Stay Order, in which he argued that the relief sought by the County would essentially grant summary judgment on issues pending in the adversary proceeding, e.g., whether the postpetition recording of judgment liens on Debtors' real property violated the stay. But neither the No Stay Order nor the Abstention Order purported to resolve that issue.

In any event, reversal of the Abstention Order would not provide the

relief Mr. Calkins seeks. In his opening brief, he asks the Panel to: (I) combine this appeal with BAP appeal number AZ-17-1173; and (ii) to "hear the False and Fraudulent Superior Court order[,] Request for Show Cause, and proposed Orders." He asks the Panel to adjudicate the merits of "these cases" or to transfer the matters to district court if appropriate. But we are without jurisdiction to take any of these actions. BAP appeal number AZ-17-1137 has been dismissed, and Debtors have not timely appealed any other relevant bankruptcy court orders.

## CONCLUSION

Because Mr. Calkins has not shown that the bankruptcy court abused its discretion in lifting the automatic stay for the limited purpose of permitting the State Court to adjudicate the County's claim, we AFFIRM.[8]

---

[8]The County argues that this appeal is constitutionally and equitably moot because the State Court has already adjudicated the final amount of the penalties. We disagree. We could grant effective relief, as reversal of the Abstention Order would result in the final judgment entered by the State Court being void. Although this is not the relief Mr. Calkins seeks, effective relief is at least theoretically possible.