NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. CC-11-1037—PaDKi |
| | ) |
| GARRETTE MARTIN, SR. and REGINA MARTIN, | ) Bk. No. CC-10-57965-PC |
| | ) |
| Debtors. | ) |
| _____ | ) |
| | ) |
| GARRETTE MARTIN, SR.; REGINA MARTIN, | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| U.S. BANK, N.A., as Trustee, on behalf of the Holders of the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC3, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Submitted Without Oral Argument on September 23, 2011

Filed - October 5, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter H. Carroll, Chief Bankruptcy Judge, Presiding

Appearances:    Appellants Garrette Martin, Sr. and Regina Martin, pro se, on brief.  Gina L. Albertson, Esq. of Albertson Law on brief for Appellee.

Before: PAPPAS, DUNN and KIRSCHER, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1

-1-

Chapter 7[2] debtors Garrette Martin, Sr. and Regina Martin (the "Martins") appeal the decision of the bankruptcy court granting relief from the automatic stay to U.S. Bank National Association, on behalf of the holders of the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC3 ("U.S. Bank"), to enforce an unlawful detainer judgment against the Martins. We AFFIRM.

## THE MARTINS' FAILURE TO PROVIDE AN ADEQUATE RECORD ON APPEAL AND U.S. BANK'S REQUEST FOR JUDICIAL NOTICE

As the appellants in this appeal, the Martins failed to designate a record on appeal, or to provide a statement of issues on appeal, in contravention of Rule 8006. The Martins also failed to provide any excerpts of record, in violation of Rule 8009(b), and consequently, their briefs failed to cite to any excerpts of record in support of their arguments, contrary to Rules 8010(a)(1)(D) and (E).[3] However, insofar as U.S. Bank has

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] There were other procedural irregularities attributable to the Martins. First, they submitted their opening brief on April 6, 2011, one day after the deadline set by the Panel's Conditional Order of Dismissal for failure to prosecute this appeal. Then, on April 22, and without leave of the Panel, they submitted a First Amended Opening Brief, identical to the first, but adding a missing certification. The Panel accepted the First Amended Brief as the Martins' opening brief in this appeal. After U.S. Bank submitted their responsive brief on April 26, the Martins submitted a Second Amended Opening Brief on May 18, 2011, which is a complete revision of their earlier two briefs, and raises numerous new issues not found in their earlier briefs. Since this brief was filed without the permission of the Panel, it violated Rule 8009(a)(3). Finally, the Martins ignored the order of this Panel dated June 24, 2011, directing them to file a supplemental
(continued...)

-2-

provided a designation of record, statement of issues, and excerpts to which the Martins have not objected, as allowed under Rule 8019, we waive the Martins' Rule violations.

What is missing from the excerpts and the bankruptcy court docket is information relevant to a possible violation of the automatic stay as a result of either an earlier, or the current bankruptcy, and documents relating to the foreclosure. On April 26, 2011, U.S. Bank submitted a Request for Judicial Notice ("RJN") to the Panel dealing with nine documents: five documents from the Official Records of Los Angeles County ("Official Records") relating to the foreclosure sale of the Martins' property to U.S. Bank, two PACER docket reports for two prior bankruptcies of the Martins, and two documents from the Los Angeles Superior Court relating to proceedings in that court in an action pending between the Martins and U.S. Bank. The Martins have not objected to the RJN. The sources of all of these documents are government or judicial agencies, and would appear to be accurate records whose reliability cannot reasonably be questioned. FED. R. EVID. 201(b); Mack v. Kuckenmeister, 619 F.3d 1010, 1014 n.1 (9th Cir. 2010). We therefore GRANT the RJN as to those documents, and take notice of the existence of the documents, but not for the truth of their contents.

**FACTS**

In December 2006, the Martins apparently executed a mortgage

---

[3] (...continued) brief discussing the implications of an intervening precedential decision of the Panel, Veal v. Am. Home Mortg. Serv., Inc. (In re Veal) 449 B.R. 542 (9th Cir. BAP 2011), in this appeal.

-3-

loan note, secured by a deed of trust, to finance the purchase of a residential property in Inglewood, California (the "Property"). The lender was Fieldstone Mortgage Company. The nominee and beneficiary under the Deed of Trust was Mortgage Electronic Registration Systems, Inc. ("MERS").

On May 12, 2008, the Martins were notified that they were in default on mortgage loan payments in the amount of $22,405.56.

On July 2, 2008, MERS assigned the Deed of Trust and all beneficial interest therein to Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank.

A Notice of Trustee's sale of the Property was recorded in the Official Records of Los Angeles County on November 17, 2009, with a sale date set for December 16, 2009.

Debtor Garrette Martin, Sr. ("Garrette") filed a chapter 7 petition on February 9, 2010. The bankruptcy court ordered that case dismissed on March 4, 2010 for his failure to file proper schedules and statements.

Garrette filed a second chapter 7 petition on March 9, 2010. The bankruptcy court dismissed the case on April 2, 2010, again for failure to file schedules and statements.

On June 1, 2010, a nonjudicial foreclosure sale was conducted on the Property; a trustee's deed upon sale conveying the Property to U.S. Bank was recorded in the Official Records of Los Angeles County on June 10, 2010.

U.S. Bank commenced an unlawful detainer action in Los Angeles Superior Court on June 29, 2010. Case no. 10L01475. There is no indication in the records submitted that the Martins contested this action. Judgment was entered in favor of U.S. Bank

-4-

and against the Martins on September 29, 2010, awarding U.S. Bank possession of the Property; a Writ of Possession was issued on October 15, 2010.

On November 8, 2010, the Martins filed a joint petition under chapter 7. On their Schedule A, they claimed ownership of the Property.

Thirty days later, on December 8, 2010, U.S. Bank filed a motion for relief from stay to allow it to enforce the unlawful detainer judgment. U.S. Bank argued that the Martins and their bankruptcy estate held no interest in the Property and no right to continued possession, because U.S. Bank had acquired title at the trustee's foreclosure sale, the unlawful detainer judgment had been entered in favor of U.S. Bank and against the Martins, and a Writ of Possession had been issued. To support the motion, U.S. Bank submitted the following documents: (a) a declaration detailing the foreclosure and unlawful detainer proceedings; (b) a copy of the trustee's deed upon sale to U.S. Bank; (c) a copy of a "notice for possession" served on the Martins in the unlawful detainer action; (d) a copy of the unlawful detainer complaint; (e) a copy of the clerk's entry of judgment in the unlawful detainer action; and (f) a copy of the state court Writ of Possession. A hearing on the stay relief motion was set for January 6, 2011.

In apparent violation of Bankr. C.D. Cal. Local R. 9013-1(f), requiring that any opposition to a contested motion be filed no later than 14 days before the date set for hearing on the motion, the Martins filed their opposition nine days before the hearing date, on December 28, 2010. Like most of their papers in this

-5-

appeal, the Martins' arguments are difficult to follow. It would appear, however, that they raised the following points: (a) that MERS did not have legal authority to transfer beneficial ownership of the deed of trust to U.S. Bank; (b) that U.S. Bank lacked standing; (c) that U.S. Bank has unclean hands as the result of various unspecified fraudulent transfers, assignments and substitutions after the fact of a foreclosure; and (d) that the Martins retain an equitable interest in the Property as a result of a UCC financing statement indicating over $300,000 in investments in the Property.

The bankruptcy court took the U.S. Bank stay relief motion off calendar on January 6, 2011, granting the motion for relief from stay. Although the court did not directly refer to the opposition of the Martins, the court stated that "the failure of the debtor, the trustee, and all other parties in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9013-1(f) is considered as consent to the granting of the motion. LBR 9013-1(h)." Finding that the submissions of U.S. Bank established a prima facie case for relief from stay, and that the motion was not timely challenged, the bankruptcy court granted the motion. The court also observed that "Debtor filed the bankruptcy petition on November 8, 2010 in an apparent effort to stay enforcement of the unlawful detainer judgment."

The bankruptcy court entered its order granting relief from stay on January 11, 2011. The Martins filed a timely appeal on January 19, 2011.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334

and 157(b)(2)(G).  We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in granting relief from stay to U.S. Bank to enforce the unlawful detainer judgment.

**STANDARD OF REVIEW**

We review orders granting relief from the automatic stay for abuse of discretion. Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009). In applying an abuse of discretion test, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).  If the bankruptcy court identified the correct legal rule, we then determine whether its "application of the correct legal standard [to the facts] was (1) illogical, (2)implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id. (internal quotation marks omitted).  If the bankruptcy court did not identify the correct legal rule, or if its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion. Id.

**DISCUSSION**

**The bankruptcy court did not abuse its discretion in granting relief from stay to U.S. Bank to enforce the unlawful detainer judgment.**

A.  There is no showing that U.S. Bank violated the automatic stay.

-7-

As an apparent defense to enforcement of an unlawful detainer judgment, the Martins argue in all three of their briefs that U.S. Bank violated the automatic stay by conducting an improper foreclosure. Indeed, this was the only argument made in the Martins' first two briefs. The precise words used in their original and First Amended Briefs[4] are as follows:

> 1. On November 18, 2010, at approx. 2:36 P.M., the Appellant filed a Petition for Bankruptcy Chapter 7 protection, by filing with the Los Angeles Central District bankruptcy clerk, the petition and filings fees.

> 2. The Deed of Trust was scheduled to be sold at 3:30 P.M, by the Creditor and Creditor's Trustee. As such, Noticed properly served the same day, giving Notice a Bankruptcy Petition naming the Creditor and Trustee as such at 2:58 P.M., whereas the Trustee completed the sale in violation of the Automatic Stay of Protection, at 3:30 P.M.

Martin's Original Op. Br. at 3, First Amended Op. Br. at 3.

Obviously, there are two factually incorrect statements in the Martins' allegations. First, the Martins' bankruptcy petition was filed on November 8, 2010, not November 18, 2010. Second, the deed of trust foreclosure sale did not occur on either November 8 or 18, 2010, but over six months earlier, on June 1, 2010, when there was no pending bankruptcy case or automatic stay in effect.

Under § 362(a), an automatic stay arises upon the commencement of a bankruptcy case which,

> operates as a stay, applicable to all entities, of —
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to

---

[4] The Martins' Second Amended Opening Brief continued the allegation that U.S. Bank had violated the automatic stay, but without further detail.

-8-

recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title[.]

The stay under § 362 is extremely broad in scope, and prohibits almost any type of formal or informal collection or legal action against a debtor or the property of the estate. Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 495, 503 (1986). The automatic stay prevents continuation of a foreclosure proceeding concerning a debtor's property, or property of a bankruptcy estate, during the pendency of the bankruptcy case. Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai), 581 F.3d 1090, 1093 (9th Cir. 2010). Additionally, the automatic stay bars enforcement of an unlawful detainer judgment or writ of possession while the debtor is in bankruptcy. Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 2011 WL 3211357 * 12 (9th Cir. BAP 2011).

An essential element in all this case law, however, is that there must be a pending bankruptcy case for the automatic stay to apply. See § 362(c)(1) and (2) (providing that the automatic stay continues until the bankruptcy case is dismissed); Ung v. Boni (In re Boni), 240 B.R. 381, 384 (9th Cir. BAP 1999).

Garrette's first bankruptcy case was pending from February 9, 2010 to March 4, 2010. His second bankruptcy case was open from March 9, 2010 to April 4, 2010. The Martins' latest bankruptcy case was filed on November 8, 2010, and remains pending. In other words, none of the bankruptcy cases were pending on June 1, 2010, the date of the foreclosure sale; on June 10, 2010, the date of the recording of U.S. Bank's trustee deed of sale in the Official

Records; on June 29, 2010, when U.S. Bank commenced its unlawful detainer action; on September 29, 2010, when the state court granted judgment in the unlawful detainer action in favor of U.S. Bank; or on October 15, 2010, when the state court issued the Writ of Possession. Simply put, none of the critical actions taken by U.S. Bank against the Martins or the Property violated any automatic stay.

B. The bankruptcy court did not abuse its discretion in relying on the local bankruptcy rules.

The bankruptcy court based its decision to grant relief from stay in favor of U.S. Bank, at least in part, on the failure of any party in interest to object to the motion. In doing so, the court relied on two provisions of the local bankruptcy rules, LBR 9013-1 (f) and (h):

**LBR 9013-1. MOTION PRACTICE AND CONTESTED MATTERS**

. . . .

(f) Opposition, Joinders, and Responses to Motions. Except as set forth in [provisions not relevant here] each interested party opposing, joining, or responding to the motion must file and serve on the moving party and the United States trustee not later than 14 days before the date designated for hearing either:

(1) A complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely, and any responding memorandum of points and authorities. The opposing papers must advise the adverse party that any reply to the opposition must be filed with the court and served on the opposing party not later than 7 days prior to the hearing on the motion; or

(2) A written statement that the motion will not be opposed.
. . .

(h) Failure to File Required Papers. Papers not timely

-10-

filed and served may be deemed by the court to be consent to the granting or denial of the motion, as the case may be.

We "afford a high level of deference to local rules." <u>Guam Sasaki Corp. v. Diana's, Inc.</u>, 881 F.2d 713, 715 (9th Cir. 1989); <u>Moncur v. Apricredit Accept. Co. (In re Moncur)</u>, 328 B.R. 183, 191 (9th Cir. BAP 2005) ("[W]e defer to the bankruptcy court's construction and interpretation of its own orders and local rules[.]"). The Ninth Circuit has held that failure to comply with a local rule requiring timely opposition to a motion is proper grounds for granting that motion. <u>Ghazil v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a similar local rule in Nevada that provided "the failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.").[5]

Of course, the bankruptcy court did not rely solely on the local bankruptcy rules in granting relief from stay. U.S. Bank presented ample evidence to show that it had properly completed a nonjudicial foreclosure sale on the Property prepetition, that it

---

[5] In a recent opinion, the Ninth Circuit commented on the rule applicable in the District Court of the Central District of California that apparently is the model for the bankruptcy court's LBR 9013-1. <u>Ahanchian v. Xenon Pictures, Inc.</u>, 624 F.3d 1253, 1259 n.6 (9th Cir. 2010). Like the bankruptcy rule, C.D. Cal. Local R. 6-1 provides that any opposition papers must be filed no later than fourteen days before the hearing. The court of appeals found this rule "unusual" because it would allow a movant to file a motion twenty-one days before a scheduled hearing, leaving the opposing party only seven days to file the opposition. <u>Id.</u> The Ninth Circuit noted that all other districts of the Ninth Circuit allowed the opposing party a minimum of fourteen days to file an opposition. While <u>Ahanchian</u> could reflect the Ninth Circuit's potential concern regarding the bankruptcy court's LBR 9013-1, there is no cause for alarm under the facts of this case, since the Martins were given at least fourteen days notice of the U.S. Bank motion and to file a timely opposition. They failed to do so.

-11-

was the holder of recorded title to the Property, and that it sought and obtained an unlawful detainer judgment and Writ of Possession against the Martins from the state court before the Martins filed their bankruptcy petition. The bankruptcy court therefore had an adequate basis to conclude that U.S. Bank had presented a prima facie case for relief from stay.

A creditor meets its burden of presenting a prima facie case for stay relief when it shows that it is the title holder on a property under a recorded trustee's deed of sale. In re Edwards, 2011 WL 3211357 * 9. The bankruptcy court correctly determined that a lawful foreclosure sale had extinguished the Martins' rights of ownership and possession of the Property. Moeller v. Lien, 25 Cal. App.4th 822, 831 (Cal. Ct. App. 1994). The court found that the unlawful detainer judgment had been entered prepetition, and that "Debtor[s] filed the bankruptcy petition on November 8, 2010 in an apparent effort to stay enforcement of the unlawful detainer judgment."

Based on this record, the bankruptcy court did not abuse its discretion in granting relief from the stay.

C. The Martins' other arguments in the bankruptcy court and on appeal lack merit.

As noted above, the Martins submitted a late opposition to the motion for relief from stay in the bankruptcy court that was not considered by the court. Then, in this appeal, they have submitted three "opening" briefs, the third of which was submitted without permission of the Panel, and reiterated arguments that they made in the late opposition in the bankruptcy court. As discussed above, we affirm the bankruptcy court's decision to

consider only timely motion oppositions. Out of respect for that decision, we could strike the Second Amended Brief and its arguments as submitted in violation of Rule 8009(a)(3). However, even were we to consider the arguments the Martins made in the late opposition filed in the bankruptcy court, or in the late and improperly filed Second Amended Opening Brief, those arguments are without merit.

The thrust of the Martins' arguments is that the foreclosure sale was improper, because neither MERS nor U.S. Bank had authority to conduct it, and that U.S. Bank was not a holder in due course of the note or deed of trust and lacked standing to seek relief from stay in the bankruptcy court.

A recent Opinion of the Panel touches on the Martins' arguments, In re Edwards. Despite the Martins' arguments, the issue in this appeal is not whether U.S. Bank was the holder of the note at the time of the foreclosure sale, but rather whether U.S. Bank has some cognizable property interest under state law that would allow it to prosecute a motion for relief from stay to enforce an unlawful detainer judgment. Or more specifically, in light of In re Edwards, the issue here is whether, when taken together, U.S. Bank's recorded trustee's deed of sale and the unlawful detainer judgment demonstrate that U.S. Bank held a colorable interest in the Property. In re Edwards, 2011 WL 3211357 * 9.

Analyzing California law in In re Edwards, the Panel concluded that the specific combination of a recorded deed of sale with a subsequent unlawful detainer judgment satisfied the colorable interest requirement for standing to seek relief from

-13-

the automatic stay to enforce an unlawful detainer judgment and Writ of Possession. <u>In re Edwards</u>, 2011 WL 3211357 * 11. In other words, the Panel has already determined that, under facts similar to those in this appeal, U.S. Bank indeed had standing to ask the bankruptcy court for stay relief to recover possession of the Property.[6]

## CONCLUSION

The bankruptcy court did not abuse its discretion in granting U.S. Bank relief from stay to enforce the unlawful detainer judgment. We AFFIRM the order of the bankruptcy court.

---

[6] The Martins' other arguments are equally unpersuasive. That the Martins made substantial improvements to the Property is simply not probative that they retained an equity interest in the Property post-foreclosure. And their various allegations that, in other cases, MERS has improperly transferred interests in trust deeds or property, even if true, do not prove that MERS may have acted improperly in this case.

-14-