In re CORPORACION de SERVICIOS MEDICO–HOSPITALARIOS de FAJARDO, Debtor.

CORPORACION de SERVICIOS MEDICO–HOSPITALARIOS de FAJARDO, Plaintiff,

v.

Secretary of Health, Luis IZQUIERDO MORA, in his representative and personal capacities; Department of Health of the Commonwealth of Puerto Rico; Administration of Facilities and Services of Health of the Commonwealth of Puerto Rico, Defendants.

Civ. No. 86–0921 (JP).

United States District Court, D. Puerto Rico.

Jan. 8, 1988.

José Raúl Cancio Bigas, Hato Rey, P.R., for plaintiff.

Dennis A. Simonpietri, Ramírez & Ramírez, Hato Rey, P.R., for co-defendant Luis Izquierdo Mora, in his personal capacity.

María Luisa Contreras, San Juan, P.R., for all other co-defendants.

OPINION AND ORDER

PIERAS, District Judge.

This case is styled "an action to hold defendants in contempt for violation of the automatic stay of 11 U.S.C. section 362." Plaintiff has prayed for compensatory and punitive damages, costs, and attorney's fees arising out of the defendants' seizure of the Fajardo Subregional Hospital while plaintiff was operating the hospital as Chapter 11 debtor-in-possession. Defendant has moved to dismiss this case because the motion for contempt was fully adjudicated in the previous bankruptcy action.

The facts underlying the dispute between plaintiff and defendant are fully recounted in *In re: Corporación de Servicios Medico–Hospitalarios de Fajardo,* 60 B.R. 920 (D.P.R.) *aff'd* 805 F.2d 440 (1st Cir.1986).

We set them out again as they are necessary to the understanding of this Opinion and Order.

In late 1982, the Department of Health of the Government of Puerto Rico, through its Administración de Facilidades y Servicios de Salud (AFASS) contracted with plaintiff Corporación for operation of the Fajardo Subregional Hospital for ten years. After the change of government pursuant to the 1984 general election, the new Secretary of Health, defendant Luis Izquierdo Mora, commissioned an audit of the Corporación's administration of the hospital. Based on the results of that audit and the recommendations of a newly-formed advisory panel, the Department and AFASS instituted a civil action in the insular courts on April 30, 1985, seeking termination of the contract.

On May 10, 1985, the Corporación filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. After the filing of the petition, the Corporación continued to operate the hospital and receive payments from the Commonwealth. On July 25, 1985, the bankruptcy court issued an order pursuant to 28 U.S.C. section 1334(c)(2), abstaining from jurisdiction over any declaratory judgment issued by the insular court. On November 1, 1985, the Superior Court of Puerto Rico rendered its decision, decreeing the immediate return of the property of the Fajardo Subregional Hospital to the Department. Judgment was entered Friday, November 12, 1985. On Saturday morning of the 13th, officials of the Department of Health and law enforcement personnel entered the hospital and forcibly seized control of hospital and froze assets of the Corporación. It is this seizure for which plaintiff now seeks sanctions.

Between the time of the insular court's decision and the entry of judgment, the Corporación had filed an adversary proceeding in Bankruptcy Court, requesting an injunction against the Department and a stay of the insular court's judgment that was to be entered. As is explained *infra*, this issue was resolved, along with myriad others, by the District Court on appeal in its decision at 60 B.R. 920 (D.P.R.1986).

After the seizure, on November 13, 1985, the Corporación moved for contempt sanctions in that adversary proceeding under 11 U.S.C. section 362(h). That section provides that:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

The complete section concerns the automatic stay of proceedings granted debtors after filing under Chapter 11. The contempt motion alleged that the Secretary of Health, the Department of Health, and the AFASS violated the automatic stay provisions of section 362 by the November takeover of the hospital. Because of the appeal of an ancillary order from the Bankruptcy Court to the District Court, the Bankruptcy Court did not rule on the contempt motion.

The Corporación moved the District Court on April 20, 1986, to withdraw the contempt proceeding from the self-imposed reservation of the Bankruptcy Court. 28 U.S.C. § 157(d). The ruling on the motion reads in toto

ORDER: Denied as moot. Our order of 4–15–86 on the merits of various appeals controls. No contempt will be found. No withdrawal will be ordered. Matter remanded to Bankruptcy Court.

The April 15 ruling referred to, reported at 60 B.R. 920 (D.P.R.1986), dealt with the merits of arguments concerning the applicability of the stay to the insular court action. In that case, the Secretary of Health argued that the bankruptcy court shall abstain from levying a stay on the insular court proceeding because it was not a "core proceeding" within the meaning of the Bankruptcy Code. 60 B.R. at 930. Alternatively, the Secretary argued that the seizure was an appropriate exercise of state police power exempted from the automatic stay provisions by 11 U.S.C. sections 362(b)(4) and (b)(5). The District Court rejected both arguments after extensive analysis.

On July 21, 1986, the Corporación moved for clarification of the District Court's ruling. The District Court ruled on that motion as follows:

ORDER:

1. Matter has been remanded to Bankruptcy Court.
2. We will not find the "offending parties" in contempt.
3. We will not withdraw the case from Bankruptcy Court.
4. Order and memo opinion by Bankruptcy Court entered March 12, 1986 has been affirmed.
5. Entire appeal has been disposed of— Judgment has been entered. See docket doc. no. 5.

There was also a further denial of the motion for reconsideration of the denial of the withdrawal motion.

On June 13, 1986, before the District Court's denial of the contempt and withdrawal motions, the Corporación filed the complaint in this case. The parties are the same as in the adversary proceeding in bankruptcy: plaintiff is the Corporación, and defendants are the Secretary of Health, the Department of Health, and AFASS. The claim is the same: to hold defendants in contempt of the automatic stay of 11 U.S.C. section 362. Plaintiffs pray in this case for the same relief as in the original contempt proceeding: compensatory damages, punitive damages, costs, and attorneys' fees. On July 29, defendants moved to dismiss this case as barred by the res judicata effect of the District Court's rulings on the contempt matter. Fed.R.Civ.P. 12(b)(6). Plaintiff did not oppose the motion until ordered to do so by this Court.

■ Whether this issue is precluded by the previous rulings of the District Court depends on such factors as (1) whether the same issue is involved in both actions; (2) whether that issue was "actually litigated" in the first action; (3) whether the parties received a full and fair opportunity to liti-

gate the issue; (4) whether the issue was "actually decided" in the first action; (5) whether that disposition was "final," "on the merits," and "valid"; (6) whether it was necessary to decide the issue in disposing of the first action; and (7) whether there are any special conditions of fairness, relative judicial authority, changes in law, or other overriding factors that warrant the circumvention of ordinary preclusion rules. 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4416 at 137–38 (1981). No single factor is controlling and we therefore discuss these factors seriatim.

■ 1. The complaint in this, the second action, clearly states "This is an action to hold defendants in contempt for violation of the automatic stay of 11 U.S.C. sec. 362." The relief sought is the same between both actions. In an informative motion filed at the same time as the complaint, plaintiff asserted that the "dismissal" of their contempt motion by the Bankruptcy Court should be reversed by the District Court but, in the event that it was not, plaintiff wished to preserve a claim for damages.[1] This factor weighs in favor of a finding of res judicata.

2. Subsequent to the filing of this complaint but while the motion to dismiss, the District Court, per Judge Fusté, entered the two orders quoted here

Our order was not intended as an adjudication on the merits. We simply refuse to entertain contempt proceedings. We further refused to withdraw matter from Bankruptcy Court. The independent suit has no bar here.

The latter order referred to the former Order: See our order at docket # 7. The independent suit will be disposed of under Judge Pieras' supervision and control.

In the face of our brethren's rulings, this Court cannot hold that the contempt issue and the damages claimed were actually litigated before either the Bankruptcy Court or the District Court. The Bankruptcy

---

1. Plaintiff's characterization of the Bankruptcy Court's dismissal as "beyond the power of the Bankruptcy Court" is not accurate. The Bankruptcy Court reserved its judgment effectively passing the issue upstairs to the District Court, because of the nature of the explicitly appealed issues before the District Court.

Court passed the contempt issue to the District Court, and the District Court declined to find the defendants in contempt.

3. No "full and fair opportunity to litigate this issue" was afforded to the parties because of the reticence of both courts to entertain the motions; the Bankruptcy Court because it did not think itself invested with that power,[2] and the District Court perhaps precisely because of this concurrent action.

4. The issue of contempt was not "actually decided." The October 8 orders clearly leave the door open to the continuation of this action.

5. The October 8 orders further clarify that the District Court did not consider not finding defendants in contempt to be "final" and "on the merits."

6. The first action, in Bankruptcy Court, could be and was finally adjudicated without the necessity of ruling on the motion for contempt. Contempt is a collateral proceeding, instituted by the Court only to ensure the effectiveness of its orders and judgments. If those underlying orders and judgments are complied with, contempt may be obviated.

7. Finally, we need not consider whether there are any special conditions of fairness, relative judicial authority, or changes in the law that would warrant the circumvention of ordinary preclusion rules precisely because ordinary preclusion rules are inapposite to this case.

Having examined and balanced the factors, and with full deference to the clear intent of our brethren of this bench, the Court must conclude that the denial of contempt before Judge Fusté does not bar this action. The motion to dismiss is DENIED.

This case is SET for Further Initial Scheduling Conference for Tuesday, January 19, 1988, at 10:00 a.m.

IT IS SO ORDERED.

**2.** *Cf. In re Magwood,* 785 F.2d 1077 (D.C.Cir. 1986). The United States Court of Appeals held that the Bankruptcy Court was without statutory

authority to impose punitive sanctions, be they labeled as civil or criminal contempt. 785 F.2d at 1083–84.