NOT FOR PUBLICATION

FILED

MAY 29 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. CC-12-1395-DKiTa |
| ) | |
| ALEN L. LY, ) | Bk. No. LA 12-25257-TD |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| ALEN L. Ly, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| MICHELLE V. CHE, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on May 15, 2013
at Pasadena, California

Filed - May 29, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Thomas B. Donovan, Bankruptcy Judge, Presiding

Appearances:    Edgardo M. Lopez, Esq. argued for Appellant
Alen L. Ly; Caroline S. Kim, Esq. argued
for Appellee Michelle V. Che.

Before:  DUNN, KIRSCHER, and TAYLOR, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The appellant, Alen L. Ly ("Ly"), appeals the decision of the bankruptcy court granting relief from stay for cause to the appellee, Michelle V. Che ("Che"), to pursue her California state law unlawful detainer action against Ly for all purposes. Subsequent to this appeal being filed, Che filed a motion with this Panel for sanctions ("Sanctions Motion") against Ly and his counsel for pursuing a frivolous appeal. We AFFIRM the bankruptcy court's relief from stay order, and we GRANT the Sanctions Motion and award sanctions in the amount of Che's attorney's fees, totaling $6,650, and costs in the amount of $114, for a total award of $6,764, jointly and severally against Ly and his attorney.

## I. FACTS

Although the parties dispute one another's accounts of prebankruptcy events, what occurred in Ly's chapter 7[2] case is essentially undisputed.

In Appellant's Opening Brief, Ly states that he filed his bankruptcy petition on May 14, 2012. The record reflects that Ly's bankruptcy petition actually was filed on April 30, 2012.[3]

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] The original excerpts of record submitted by Ly did not include any of the exhibits filed by Che to her Declarations filed in support of her motion for relief from stay. After Che filed a Motion to Augment Record with this Panel and the subsequent order of the motions panel requiring Ly to supplement
(continued...)

-2-

On June 20, 2012, Che filed a motion for relief from stay ("Stay Motion") with respect to certain residential property in Long Beach, California ("Property"). In his Schedule A, Ly declared that he owned the Property. In the Stay Motion, Che stated that she was a "Holder of Deed of Trust." In her Real Property Declaration, however, Che stated that she was "the Movant and owner of the Property." In her further Declaration ("Further Declaration") in support of the Stay Motion, Che stated that she had leased the Property to Ly's sister, Vanessa A. Ly ("Vanessa"), on or about March 1, 2006. Che further stated that she did not find out that Ly was residing at the Property until October 2008. Che also stated that after making one rent payment, neither Vanessa nor Ly paid any further rent.

In the Further Declaration, Che stated that Ly "forged my signature and transferred the [Property] to himself." Che stated that she sued Ly in 2009 for the alleged fraudulent transfer of the Property ("State Court Lawsuit") and obtained a judgment ("Judgment"). A certified copy of the Judgment was attached as Exhibit A to the Further Declaration. The Judgment, that was entered on Ly's default, included a specific description of the Property and ordered that it be transferred from Ly to Che. The Judgment included the following additional provisions:

> 2) The previously recorded Grant Deed, Los Angeles County recorder number 061576358 recorded on July 18, 2006 is hereby declared void based upon the forged signature of Michelle Che.
> 3) The clerk of this court is empowered and ordered to

---

[3](...continued)
the record, Ly filed supplemental excerpts of record, including the critical exhibits for our review.

-3-

sign a quit claim deed and all of the related papers on behalf of Alen Lang Ly and to Plaintiff Michelle Che. 4) Defendant Alen Lang Ly is hereby prohibited from approaching less than 100 yards from said [Property].

Ly, through his counsel, Edgardo M. Lopez ("Lopez"), opposed the Stay Motion ("Opposition"). In his Declaration in support of the Opposition ("Opposition Declaration"), Ly stated that he purchased the Property from Che in July 2006 for $525,000. He further stated that he had been living on the Property as his primary residence since July 2006 and had paid monthly mortgage payments and annual property taxes.

Ly admitted in the Opposition Declaration that he had received service of the summons and Che's complaint in the State Court Lawsuit. He further declared that he had retained counsel to represent him in the State Court Lawsuit who assured him that "he will take care of everything." Thereafter, he stated that he was "completely shocked" when he received a five-day notice to vacate the Property from Che's attorney and blamed attorney neglect for the entry of the Judgment against him. In the Memorandum of Points and Authorities filed in support of the Opposition, Lopez argued that stay relief should be denied because Che was not a real party in interest and therefore lacked standing to seek stay relief, and Che was not a secured creditor entitled to invoke § 362(d)(1) to argue a lack of adequate protection of her interest in the Property.

Che filed a Reply ("Reply") to the Opposition. In her Memorandum of Points and Authorities filed in support of the Reply, Che argued that she never sold the Property to Ly, and Che's standing arose from the fact that Che was the "legal owner

-4-

of the Property." Among other things, Che argued that "cause" to grant the Stay Motion existed to allow Che to undo Ly's "fraudulent transaction."

The bankruptcy court heard argument ("Hearing") on the Stay Motion on July 12, 2012. At the outset of the Hearing, the bankruptcy court stated its tentative conclusions that Che had produced evidence, including the Judgment, that she owned the Property and was entitled to relief to pursue her unlawful detainer action in state court. Lopez essentially argued that the fact that the Judgment was obtained by default cut against Che's position that she retained an ownership interest in the Property. Reminding Lopez that, "A judgment is a judgment," the bankruptcy court overruled Ly's argument and advised the parties that he would grant the Stay Motion but would not waive the fourteen-day stay of the effectiveness of his order under Rule 4001(a)(3).

On July 26, 2012, the bankruptcy court entered an order ("Order") granting the Stay Motion for cause under § 362(d)(1) to allow Che to "pursue her state court unlawful detainer suit against [Ly] for all purposes." In effect, the bankruptcy court granted relief from stay to allow the parties to resolve their competing claims to the Property in state court. Ly filed a timely notice of appeal on August 7, 2012.

Che filed the Sanctions Motion with this Panel, requesting an award of sanctions against both Ly and his counsel, Lopez, for filing a frivolous, meritless appeal, on November 16, 2012. Ly has not responded to the Sanctions Motion.

///

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court err in determining that Che had standing to pursue the Stay Motion?[4]

2. Should sanctions be awarded against Ly and Lopez under Rule 8020 for filing and pursuing a frivolous appeal?

## IV. STANDARD OF REVIEW

Standing is an issue that we review de novo. Loyd v. Paine Webber, Inc., 208 F.3d 755, 758 (9th Cir. 2000); Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009). De novo review requires that we consider a matter anew, as if it had not been heard before, and as if no decision had been rendered previously. United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988); B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 229 (9th Cir. BAP 2008).

///

///

---

[4] In Appellant's Statement of Issues on Appeal, Ly also asserts as an issue whether the bankruptcy court erred in granting the Stay Motion under § 362. However, in Appellant's Opening Brief, Ly only argues that Che lacked standing to seek stay relief. Accordingly, any argument that the Stay Motion was improperly granted, beyond the question of Che's standing, is waived. City of Emeryville v. Robinson, 621 F.3d 1251, 1261 (9th Cir. 2010) (Appellate courts in this circuit "will not review issues which are not argued specifically and distinctly in a party's opening brief.").

-6-

## V. DISCUSSION

1.  <u>Che had standing to seek stay relief</u>.

Ly argues one issue on appeal: whether Che had standing to seek relief from the automatic stay in Ly's bankruptcy case.

Whether a party has standing to pursue a claim is a "threshold question in every federal case, determining the power of the court to entertain the suit." <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975); <u>Edwards v. Wells Fargo Bank, N.A.</u> <u>(In re Edwards)</u>, 454 B.R. 100, 104 (9th Cir. BAP 2011). "Standing" has both constitutional and prudential aspects, but Ly only challenges Che's standing as a prudential matter.[5]

Ly argues that Che has no prudential standing because she is not a real party in interest. Appellant's Opening Brief at 6-10. In stay relief proceedings, the moving party bears the burden of proof to establish that it has standing to prosecute the motion. <u>See</u> <u>In re Wilhelm</u>, 407 B.R. 392, 399-400 (Bankr. D. Id. 2009), citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. at 561. Under § 362(d), a "party in interest" may request relief from the automatic stay. Because "party in interest" is not defined in the Bankruptcy Code, whether a party moving for relief from stay

---

[5] Constitutional standing relates to whether a party's stake in a matter is adequate to create a "case or controversy" to which the federal judicial authority under Article III of the Constitution may apply. <u>Warth v. Seldin</u>, 422 U.S. at 498-99; <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-60 (1992). In her Further Declaration, Che declared that she had been paid no rent for the Property, occupied by Ly, since March 2006 and that Ly had forged her signature to engineer a fraudulent transfer of the Property to himself. That evidence is adequate to establish Che's constitutional standing to file and prosecute the Stay Motion.

has the status of a party in interest under § 362(d) is a fact-based inquiry, determined on a case-by-case basis, considering the claimed interest of the moving party and the impact of the stay on that interest. In re Kronemyer, 405 B.R. at 919. A party in interest can include any party that has a pecuniary interest in the matter, a practical stake in its resolution or whose interest is impacted by the stay. Brown v. Sobczak (In re Sobczak), 369 B.R. 512, 517-18 (9th Cir. BAP 2007).

Motions for relief from stay are contested matters. See Rules 4001(a) and 9014(a). Rule 9014(c) provides that Rule 7017 applies in contested matters. Rule 7017 incorporates Civil Rule 17(a), which provides that "[a]n action must be prosecuted in the name of the real party in interest. . . ." Considering the application of these rules, as a threshold matter, relief from stay proceedings are very limited in scope.

> Given the limited grounds for obtaining . . . relief from stay, read in conjunction with the expedited schedule for a hearing on the motion, most courts hold that motion for relief from stay hearings should not involve an adjudication on the merits of claims, defenses, or counterclaims, but simply determine whether the creditor has a colorable claim to the property of the estate.

Biggs v. Stovin (In re Luz Int'l), 219 B.R. 837, 842 (9th Cir. BAP 1998) (emphasis added). See, e.g., Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740-41 (9th Cir. 1985).

Cornell University Law School's Legal Information Institute defines a "colorable claim" as:

> A plausible legal claim. In other words, a claim strong enough to have a reasonable chance of being valid if the legal basis is generally correct and the facts can be proven in court. The claim need not actually result in a win.

-8-

http://topics.law.cornell.edu/wex/colorable claim.

As noted above, in her Real Property Declaration filed in support of the Stay Motion, Che stated that she was the "Movant and owner of the Property." Attached as Exhibit A to her Further Declaration was a certified copy of the Judgment voiding Ly's deed to the Property as obtained through forgery and ordering that the Property be transferred from Ly to Che. That the Judgment was obtained by default does not negate its impact as providing clear evidence that Che had at least a "colorable claim" to ownership of the Property. In fact, there is no evidence in the record before us that Ly ever moved to set aside the default or appealed the Judgment. At oral argument, Lopez confirmed that the Judgment had become final. A party moving for stay relief has a colorable claim sufficient to establish standing to prosecute the motion if it has an ownership interest in the subject property. In re Edwards, 454 B.R. at 105; Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 913 (9th Cir. BAP 2011).

Ly lays down a red herring when he argues, "It is clear from [Che's] relief from stay motion that she is seeking to enforce the right of a holder of a deed of trust on the subject property . . . ; [Che] claims as a holder of the deed of trust and to have an interest on the [Property] given as collateral." Appellant's opening Brief at 8-9. The bankruptcy court did not take that bait, and neither do we.

It is true that when the Stay Motion was filed, Che's counsel checked the box on the motion form stating that "Movant

is the (check one) Holder of Deed of Trust."[6]  However, again as noted above, Che's declarations filed in support of the Stay Motion asserted and provided evidence to support her claim that she owned the Property.  The Judgment provided admissible evidence, independent of Che's own self-serving statements, of her ownership interest in the Property.

Based on the evidence before the bankruptcy court, focusing on the Judgment, the bankruptcy court did not err in finding that Che had standing to file and prosecute the Stay Motion as a real party in interest.  As the bankruptcy court aptly noted, "A judgment is a judgment."  Ly's appeal of the Order, based solely on his argument that Che lacked prudential standing to pursue stay relief, is patently meritless.

2. <u>Che's motion to sanction Ly and his counsel for pursuing a frivolous appeal should be granted</u>.

In the Sanctions Motion, Che requested sanctions against Ly and his counsel for filing a meritless and frivolous appeal pursuant to Federal Rule of Appellate Procedure ("FRAP") 38.  The relevant Rule before this Panel is Rule 8020.  Rule 8020, which conforms to the language of FRAP 38, provides in relevant part that:

> If a . . . bankruptcy appellate panel determines that an appeal from an order . . . of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

---

[6] The other two choices on the motion form that were not checked were: "Assignee of Holder of Deed of Trust," and "Servicing Agent for Holder of Deed of Trust or Assignee of Holder of Deed of Trust."

-10-

As previously noted, Che filed the Sanctions Motion on November 16, 2012. Ly has not filed any response to the Sanctions Motion. However, in response to the Clerk's Notice of Possible Mootness of this appeal, Ly responded that the appeal was not moot because the Property now was subject to a pending adversary proceeding in Ly's bankruptcy, and "the state court action affecting the subject [Property] has been held in abeyance." Compliance Statement Re: Notice of Possible Mootness, filed with this Panel on February 11, 2013.

Rule 8020 requires that all filed papers, including appeal briefs, be signed, "thereby certifying that the signer has done appropriate legal and factual research and believes that the submission of the paper has merit." 10 Collier on Bankruptcy ¶ 8020.02 (Alan N. Resnick and Henry J. Sommer eds., 16th ed. 2013). The Panel may impose sanctions to penalize an appellant and/or counsel who pursue a frivolous appeal and to compensate the appellee for the delay and expense of defending the appeal. Id. ¶ 8020.03. Cf. Burlington N. R. Co. v. Woods, 480 U.S. 1, 7 (1987).

"An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." Coghlan v. Starkey, 852 F.2d 806, 811 (5th Cir. 1988). See Henry v. Farmer City State Bank, 808 F.2d 1228, 1241 (7th Cir. 1986); Cannon v. The Hawaii Corp. (In re The Hawaii Corp.), 796 F.2d 1139, 1144 (9th Cir. 1986). Unfortunately, this appeal meets that standard on both counts.

Lopez should have known from our published opinions in In re Veal and In re Edwards that Panel precedent quite clearly

-11-

recognizes that a party moving for relief from stay who has a colorable claim to ownership of the subject property has prudential standing. We assume that he read the Panel's opinion in In re Veal because he cited it to us in Appellant's Opening Brief specifically for its "exhaustive" discussion of standing and real party in interest issues. See Appellant's Opening Brief at 8.

Particularly troubling to us is the fact that when Lopez submitted Ly's original excerpts of record, he omitted to include the exhibits to Che's Declarations filed in support of the Stay Motion, including the certified copy of the Judgment, even though he did include the exhibits to Ly's Declaration filed in opposition to the Stay Motion. Lopez had to be aware that the Judgment was a critical part of the evidentiary record before the bankruptcy court supporting its finding that Che had standing to seek stay relief, because the bankruptcy court specifically discussed the importance of the Judgment to its decision at the Hearing in its direct responses to Lopez's arguments. Lopez supplemented the excerpts of record to include the Judgment exhibit only after Che's counsel filed her motions requesting judicial notice and to supplement the record and the Sanctions Motion, and the motions panel ordered Ly to supplement the record with a complete copy, "including exhibits," of the Stay Motion.

As we previously have determined, Ly's appeal on the issue of Che's standing lacks merit, and that lack of merit is obvious from review of the Judgment alone. We conclude that Ly's appeal is both meritless and frivolous, justifying the imposition of sanctions.

"If we determine that an appeal is frivolous, then damages and single or double costs may be awarded to the appellee." Burkhart v. Fed. Deposit Ins. Corp. (In re Burkhart), 84 B.R. 658, 661 (9th Cir. BAP 1988). In conjunction with the Sanctions Motion, Kim filed her Declaration itemizing her attorney's fees in this appeal totaling $6,650 and costs totaling $114 "for attorney service" to file Appellee's Brief and the Sanctions Motion. We find the attorney's fees and costs requested to be reasonable. In the circumstances of this appeal, we conclude that the Sanctions Motion should be granted, and we award Che attorney's fees of $6,650 and costs in the amount of $114, for total sanctions of $6,764, jointly and severally against Ly and Lopez.

## VI. CONCLUSION

Based on the foregoing analysis, findings and conclusions, we AFFIRM the Order granting relief from stay to Che and GRANT the Sanctions Motion, awarding sanctions for pursuing a frivolous appeal totaling $6,764 jointly and severally against Ly and his counsel, Lopez.