**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

WEI LIN,

*Defendant-Appellant*.

No. 11-10576

D.C. No.
1:11-cr-00008-
RVM-1

OPINION

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted
October 10, 2013—Honolulu, Hawaii

Filed December 24, 2013

Before: Alex Kozinski, Chief Judge, and Raymond C.
Fisher and Paul J. Watford, Circuit Judges.

Opinion by Judge Watford

## SUMMARY[*]

### Criminal Law

The panel reversed the defendant's convictions under 18 U.S.C. § 1546(a) (fraud and misuse of visas, permits, and other documents), affirmed his convictions under 18 U.S.C. § 1001(a)(2) (false statement to a federal agent), and remanded for further proceedings.

The panel held that § 1546(a) cannot be read to criminalize the mere possession of an unlawfully obtained Commonwealth of Northern Mariana Islands driver's license, and that because the government presented no evidence that the defendant possessed any other document covered by the statute, his § 1546(a) convictions cannot stand.

The panel held that there was sufficient evidence to support the § 1001(a)(2) conviction.

### COUNSEL

Mark B. Hanson, Saipan, Commonwealth of the Northern Mariana Islands, for Defendant-Appellant.

Stephen F. Leon Guerrero (argued), Assistant United States Attorney, and Alicia A.G. Limtiaco, United States Attorney, United States Attorney's Office, Hagåtña, Guam, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

WATFORD, Circuit Judge:

Wei Lin, a Chinese national, unlawfully obtained two driver's licenses issued by the Commonwealth of the Northern Mariana Islands (CNMI). The main issue on appeal is whether Lin's possession of those licenses may be punished under 18 U.S.C. § 1546(a).

I

Section 1546, titled "Fraud and misuse of visas, permits, and other documents," criminalizes a diverse range of conduct, most of it tied to immigration-related documents. As relevant to the charges brought against Lin, the statute required the government to prove that he (1) possessed one of the documents specified in the statute and (2) knew the document had been obtained unlawfully or fraudulently.[1]

---

[1] The first paragraph of 18 U.S.C. § 1546(a), under which Lin was charged, provides:

> Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or non-immigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any

At trial, Lin did not contest the second element.  Lin unlawfully obtained two authentic CNMI driver's licenses issued in his own name.  He knew the first license had been obtained unlawfully because he paid a bribe to get it.  After a police officer confiscated that license during a traffic stop, Lin obtained a duplicate license.  Lin knew the duplicate had been obtained unlawfully because to get it, he submitted an affidavit to the CNMI Bureau of Motor Vehicles falsely stating that he had lost the original license at the beach.

Lin did contest the first element of the offense:  He argued that a CNMI driver's license is not one of the documents specified in § 1546(a).  Those documents consist of the following: "any immigrant or non-immigrant visa, permit, border crossing card, alien registration receipt card, *or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States*."  18 U.S.C. § 1546(a) (emphasis added); *see United States v. Krstic*, 558 F.3d 1010, 1015–16 (9th Cir. 2009).

The government contends a driver's license is covered by the italicized "other document" clause, but it plainly is not.  The government has not identified any federal statute or regulation that prescribes a driver's license as one of the documents authorizing entry into the United States.  *See* 8 U.S.C. §§ 1181(a), 1182(a)(7); 8 C.F.R. §§ 211.1(a), 212.1, 212.6.  Nor has the government identified any federal statute or regulation designating a driver's license as evidence of authorization to stay or work in the United States.  The

<hr>

false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained [commits an offense under this section].

government merely notes that a driver's license is one of the documents employers may use to help verify the employment authorization status of prospective employees, as mandated by the Immigration Reform and Control Act of 1986 (IRCA). *See* 8 U.S.C. § 1324a(b)(1); 8 C.F.R. § 274a.2(b)(1)(v). But both IRCA and its implementing regulation make clear that a driver's license may be used to establish only a prospective employee's *identity*. To establish "employment authorization," the relevant status for purposes of § 1546(a), an employee must present a separate document, such as a passport, resident alien card, or social security card. 8 U.S.C. § 1324a(b)(1); 8 C.F.R. § 274a.2(b)(1)(v).

The government's reading of § 1546(a) would render much of § 1546(b) superfluous, a result we should seek to avoid. *See, e.g.*, *Corley v. United States*, 556 U.S. 303, 314 (2009). According to the government, § 1546(a)'s "other document" clause covers all identification documents because they can be used to verify a prospective employee's identity as part of the IRCA-mandated verification process. But Congress separately addressed that process in § 1546(b). Section 1546(b) prohibits the *use* during the verification process of an "identification document" that the defendant knows or has reason to know "was not issued lawfully for the use of the possessor" or "is false." 18 U.S.C. § 1546(b). Because § 1546(a) already prohibits both the possession *and use* of the documents it covers, the government's reading of § 1546(a) would leave no work to be done by § 1546(b).

For these reasons, § 1546(a) cannot be read to criminalize the mere possession of an unlawfully obtained CNMI driver's license. Because the government presented no evidence that Lin possessed any other document covered by the statute, Lin's § 1546(a) convictions cannot stand. We are not

persuaded that Lin "waived" his right to bring this challenge, as the government contends. Lin moved post-trial for a judgment of acquittal under Federal Rule of Criminal Procedure 29, asserting the same evidentiary deficiency we've discussed. Even if we viewed Lin's challenge as a purely legal one—asserting that the indictment fails to state an offense—such a challenge may be raised for the first time on appeal, since "a judgment founded upon a complaint which does not state a crime cannot be sustained." *Johnson v. United States*, 206 F.2d 806, 808 (9th Cir. 1953); *see also* Fed. R. Crim. P. 12(b)(3)(B); *United States v. Lo*, 231 F.3d 471, 481 (9th Cir. 2000).

II

The remaining question is whether Lin's other conviction—for making a false statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2)—may stand. Lin contends the government introduced insufficient evidence to sustain this conviction as well.

Viewing the evidence in the light most favorable to the government, a rational jury could find Lin guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The government's proof at trial established the following. A federal immigration agent approached Lin in a parking lot and asked him, through a translator, whether he had any "identification documents." Lin said he did not. When the agent asked Lin about the folded papers visible in one of his pockets, Lin produced a photocopy of the duplicate CNMI driver's license. The agent again asked Lin whether he had any "identification documents," and Lin again said he did not, this time adding that his driver's license had been confiscated. The agent thereafter took Lin to the local field

office, where another agent inventoried Lin's possessions, including his wallet. Inside the wallet, the agent found the duplicate CNMI driver's license.

Lin attacks the sufficiency of the government's evidence on two fronts. First, he contends there was insufficient proof that he actually had the license on his person when he answered the agent's questions. But a rational jury could infer from the sequence of events that Lin had his wallet—and thus the license—on his person. The jury may not have been compelled to draw that inference, but it could reasonably have done so based on the evidence presented at trial. That remains true even if we were to consider the police report Lin has submitted on appeal, which states that the agents drove Lin from the parking lot to his residence before taking him to the field office. Despite having the police report at the time of trial, Lin never argued to the jury that he picked up his wallet at home on the way to the field office. The report is therefore irrelevant to our analysis, and we deny Lin's request to take judicial notice of it.[2]

Second, Lin argues that the agent's questions regarding "identification documents" were vague and may have been incorrectly translated, leading Lin to misunderstand what the agent was asking. A rational jury could conclude that Lin knew what the agent meant by "identification documents." When asked a second time whether he had any such

---

[2] We also reject Lin's contention that the prosecutor committed misconduct during closing arguments by arguing that Lin had the wallet on his person when he answered the agent's questions. Prosecutors are permitted to "argue reasonable inferences based on the evidence," *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993), which is all the prosecutor did here.

documents—after producing a photocopy of the duplicate CNMI driver's license—Lin stated that he didn't have a driver's license because it had been confiscated by an immigration officer. Based on that answer, a rational jury could infer that Lin knew what type of "identification documents" the agent's questions referred to, and that Lin knowingly and willfully lied when he told the agent he had none.

*          *          *

We reverse Lin's convictions under 18 U.S.C. § 1546(a), affirm his conviction under 18 U.S.C. § 1001(a)(2), and remand the case to the district court for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**