**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD WILLIAM POSTMA, Jr., | No. 14-35447 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-00022-RRB |
| v. | |
| STEPHEN VAN GOOR, Bar Counsel and MARK WOELBER, Assistant Bar Counsel, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted May 13, 2015
Anchorage, Alaska

Before: CANBY, BYBEE, and WATFORD, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here. Appellant Richard W. Postma, Jr. appeals the district

court's grant of Appellees Stephen Van Goor's and Mark Woelber's motion for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

summary judgment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's summary judgment decision based on absolute or qualified immunity.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc).  We review for abuse of discretion attorney fee awards made pursuant to 42 U.S.C. § 1988.  *McCown v. City of Fontana*, 565 F.3d 1097, 1101 (9th Cir. 2009).  We affirm the district court's grant of summary judgment based on Appellees' prosecutorial immunity, but we reverse its grant of attorney's fees.

Absolute prosecutorial immunity attaches to prosecutors for acts within the scope of their duties.  *Imbler v. Pachtman*, 424 U.S. 409, 422–29, 431 (1976).  This immunity also covers bar officials, administrative law judges, and agency prosecutors "so long as they perform functions similar to judges and prosecutors in a setting like that of a court."  *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (citing *Butz v. Economou*, 438 U.S. 478, 511–17 (1978)).  Postma argues that by filing an Original Application with the Alaska Supreme Court, Appellees "side-stepped the judicial process" and went beyond the "special authorization" of their official positions, thereby acting merely as "private lawyers."  *See Stapley v. Pestalozzi*, 733 F.3d 804, 811–12 (9th Cir. 2013); *Lacey*, 693 F.3d at 914.  We disagree.  Appellees exercised their authority (as articulated in Alaska Bar Rule 30(b)) to seek relief directly from the Alaska Supreme Court

2

before taking any action against Postma. Postma argues that the Bar Rules do not, in fact, grant Appellees such authority. But our absolute immunity analysis does not depend on the fine details of local law. What matters is that Appellees were at least arguably empowered to act in service of a prosecutorial function. *See McCarthy v. Mayo*, 827 F.2d 1310, 1314–15 (9th Cir. 1987). Moreover, far from seeking to avoid the judicial process, Appellees were working *within* the judicial process to "petition" the Alaska Supreme Court to "order [Postma] to submit to a medical and/or psychological examination." Bar Rule 30(b). Accordingly, Appellees are entitled to absolute immunity.[1]

The district court abused its discretion in granting attorney's fees because it did not make sufficient findings that Postma's claims were "frivolous, unreasonable or without foundation." *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 968 (9th Cir. 2011) (citation and internal quotation marks omitted). Instead, the district court merely stated without any explanation that the claims were "frivolous, unreasonable, or groundless" in granting Appellees' motion for an attorney's fees award. Although we hold that Postma's claims are not meritorious,

---

[1]The district court also held that Postma's claim for injunctive relief was barred by *Younger v. Harris*, 401 U.S. 37 (1971), but *Younger* abstention is inapplicable here because Postma abandoned any claims for injunctive relief when he clarified that he was suing defendants in their individual capacities only.

they were not frivolous, and we reverse the district court's award of attorney's fees.

The judgment of the district court granting Appellees' motion for summary judgment is **AFFIRMED**, and its judgment granting Appellees attorney's fees is **REVERSED**.[2] Each party shall bear its own costs.

---

[2]Postma's motion to supplement the record, filed September 4, 2014, is construed as a request for judicial notice and is denied as irrelevant. *United States v. Wei Lin*, 738 F.3d 1082, 1085 (9th Cir. 2013).