**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10654 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01751-CKJ-CRP-1 |
| v. | |
| TODD RUSSELL FRIES, AKA Todd Burns, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted February 6, 2015
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior
District Judge.**

Appellant Todd Russell Fries (Fries) challenges his convictions for unlawful

possession of unregistered destructive devices in violation of 26 U.S.C. § 5861(d).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

Fries contends that a new trial is warranted because: the district court improperly admitted an excerpt from a book seized from Fries' residence that discussed designs for destructive devices; the district court erred in precluding evidence and cross-examination in support of Fries' defense theory that he did not manufacture the devices as contemplated by the Internal Revenue Code; the district court failed to answer sufficiently the jury's questions; the district court erred in instructing the jury that the government was not required to prove that Fries knew that possession of the unregistered devices was illegal; and the prosecution engaged in misconduct during closing arguments. We affirm Fries' convictions.[1]

1.  The district court properly admitted the excerpt from the book seized at Fries' residence as relevant evidence after determining that the book's "potentially prejudicial effect did not substantially outweigh its probative value" given its "connection to the crime with which [Fries] was charged." *United States v. Curtin*, 489 F.3d 935, 959 (9th Cir. 2007) (en banc).

2.  The district court correctly excluded evidence and cross-examination premised on Fries' proffered defense theory from the Internal Revenue Code as

---

[1] Fries also asserts that the district court erred in denying his motion to suppress. However, we affirmed the district court's denial of Fries' motion in a prior appeal. *See United States v. Fries*, 781 F.3d 1137, 1150-51 (9th Cir. 2015).

2

irrelevant. *See United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009) (articulating that "a trial court may preclude a defense theory where the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense") (citation and internal quotation marks omitted); *see also United States v. Redlightning*, 624 F.3d 1090, 1117 (9th Cir. 2010) (affirming the district court's exclusion of evidence in support of an irrelevant defense theory). In any event, any error in excluding evidence in support of Fries' proffered tax registration defense was "harmless beyond a reasonable doubt" because the charges were premised only on Fries' possession of unregistered destructive devices. *United States v. Rodriguez*, 766 F.3d 970, 981 (9th Cir. 2014), *as amended*.

3. The district court adequately responded to the jury's questions concerning the issuance of a search warrant and improvised explosive devices. *See United States v. Verduzco*, 373 F.3d 1022, 1031-32 (9th Cir. 2004) (explaining that response to a jury question is appropriate if it states the law accurately, does not interfere with the jury's factfinding process, and does not exceed the scope of the question).

**4.** The district court properly instructed the jury that the government was not required to prove Fries knew possession of the unregistered destructive devices was illegal. *See United States v. Summers*, 268 F.3d 683, 687-88 (9th Cir. 2001) (holding that the government was not required to prove that the defendant knew a firearm was illegal under 18 U.S.C. § 5861(d)).

**5.** The prosecutor's comments during closing arguments and in rebuttal were either supported by reasonable inferences from the evidence or did not constitute reversible error. *See United States v. Wei Lin*, 738 F.3d 1082, 1085 n.2 (9th Cir. 2013) (explaining that "[p]rosecutors are permitted to argue reasonable inferences based on the evidence, which is all the prosecutor did here") (citation and internal quotation marks omitted); *see also United States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013) (articulating that "[u]nder harmless error review, claims of prosecutorial misconduct are viewed in the entire context of the trial, and reversal is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial") (citation and internal quotation marks omitted).

**AFFIRMED.**